THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS SHERIDAN, Appellant, v. STEPHEN B. FRENCH and Others, Commissioners, etc., Respondents.

*Limitations of times within which claims must be enforced — to what existing claims the provisions of chapter 4 of the Code of Civil Procedure apply — application of such provisions in cases where a demand is necessary — Code of Civil Procedure, sec. 410 — When an application for a mandamus will be denied because of the laches of the applicant.*

The relator was a member of the police force of the city of New York from October, 1872, to February 10, 1877, his salary being fixed by law at the sum of $1,200 a year. This was paid to him from time to time, with the exception of about $500, which was deducted at various times on account of his absence from duty while he was disabled and sick. On March 8, 1883, he applied for a *mandamus* to compel the board of police commissioners to pay to him the sums so retained.

*Held,* that the rules prescribed by chapter 4 of the Code of Civil Procedure, limiting the times within which actions must be brought and special proceedings instituted, applied to the relator's case.

That under section 414 thereof the proceeding should have been instituted by him within the same period of time as that within which he might have enforced his claim by an action, that is, within six years, the time fixed by section 382.

That even if it should be held that a demand was necessary to start the running of the statute, yet as the facts were at all times fully and clearly known to the relator the statute began to run from the time the right to make the demand existed. (Code of Civil Procedure, § 410, sub. 1.)

That even if the limits prescribed by the Code of Civil Procedure were not applicable to the relator's application, his long delay was in itself a complete answer thereto.

*People* v. *Common Council of Syracuse* (52 How., 346) followed.

Appeal from an order denying a motion for a peremptory writ of *mandamus.*

*William L. Snyder,* for the appellant.

*Richard J. Morrison,* for the respondents.

Daniels, J.:

The relator was a member of the police force of the city of New York, from October 1872, to the 10th of February, 1877. His salary was fixed by law at the sum of $1,200 a year. This was

from time to time paid to him, with the exception of certain sums deducted on account of his absence from duty while he was disabled, sick, lame and infirm. These sums are stated to have amounted in the aggregate to about $500. And it was to obligate the respondents, as the board of police of the city, to pay these deductions or provide for their payment, that the application was made for the writ. The proceeding was commenced on the 8th day of March, 1883, which was more than six years after the relator ceased to be a member of the police force; and this delay was held to be sufficient to preclude him from the redress for which he applied. And whether this point was correctly so held is the only subject now required to be considered in the disposition of the appeal, for if the law did not permit him to prosecute this proceeding after the lapse of six years from the time of the accruing of his right, then his application was properly dismissed. If the limits prescribed by the Code of Civil Procedure do not apply to the application, then under the preceding rule the delay itself was a complete answer to the application. (*People ex rel. Gas-Light Co.* v. *Common Council of Syracuse*, 52 How., 346.) This point was clearly settled against the applicant by the authorities cited in the opinion in that case, and they fully answered the application made without reference to the propriety of their application in the case itself. But it was designed that the limitations prescribed by the Code of Civil Procedure should apply to existing demands. In this respect no such restraints were imposed upon its provisions as were upon the limitation of the Revised Statutes and the Code of Procedure, for as to each of them it was expressly enacted that they should not apply to causes of action which, at the time of their respective enactments, had accrued. The present Code contains no such restriction, but many of its provisions contain unmistakable evidence of the fact that they were generally intended to apply to and define the time within which existing legal rights could be enforced. That was substantially the view which was taken by the court in *Acker* v. *Acker* (81 N. Y., 143), and it seems to have been clearly warranted by the language of sections 3352 and 3356 of the Code of Civil Procedure.

The proceeding by *mandamus*, was at the time of the enactment of the provisions prescribing the times within which actions and

legal proceedings might be commenced, a special statutory proceeding, in that respect similar in its nature and effect to that of Matter of Manhattan Savings Institution (82 N. Y., 142), and it still remains practically the same. And for that reason it was classified by a learned and accurate author as such, in a standard work. (Crary's Special Proceedings, 49.) By the provisions of the Code of Civil Procedure it has been declared that the chapter relating to and declaring the times in which actions may be commenced shall apply to and constitute the only rules of limitation applicable to a special proceeding, except in four classes of specified cases. (Code, § 414.) The first of these exceptions includes cases where a different limitation is specially prescribed by law, or by the written contract of the parties. The second, those in which the cause of action or defense accrued before the 1st of July, 1848. The third, a case not included in the second subdivision, in which a person was entitled to institute a special proceeding when this part of the act took effect, which, by section 3356, was the 1st day of May, 1877, and where he commenced his proceeding before the expiration of two years after that time. And it was only in case he commenced such proceeding within this period of two years, that any of the provisions of law applicable thereto before this portion of the Code took effect, should continue to be so applicable, notwithstanding its repeal. The fourth class of cases provided for were those where the time had expired when the Code went into effect. The applicant's case was very clearly within neither the first, second or fourth of these subdivisions and exceptions, and it is equally so that it was not within the third class of cases. For no statutory period of limitation had then been prescribed, within which a proceeding by *mandamus* should be commenced. And this proceeding was not commenced before the expiration of two years after this part of the Code went into effect. The result, therefore, is that chapter 4 of the Code of Civil Procedure applied to the case, and, in its language, contained the only rules of limitation applicable to it. And by section 414 the proceeding was required to be commenced within the same period of time that it might have been if the demand could have been prosecuted by an action.

If it could have been prosecuted in the form of an action, the action was required by section 382, to be commenced within six

years after the right to institute it had accrued. For it would either have been an action on an obligation within the first subdivision of this section, or more probably, to recover upon a liability created by statute within the language of the second subdivision of the section. For it was shown by the affidavit presented in support of the application that the applicant was entitled to a fixed salary for his office, amounting to the sum of $1,200 a year; and that it may be assumed (as the fact undoubtedly was) was done by means of a statutory provision. And as an action to recover such a demand must be brought within six years after the time when the right to institute it accrued, it follows that the same limitation must be applied to the time within which a proceeding by *mandamus*, for a like purpose, could be instituted.

It has been urged in support of the appeal that the respondents received the money to pay the applicant his salary, and as they held it only for that purpose, they became to that extent trustees; and that the right to institute the proceeding should, therefore, be restricted to the statutory time after a demand of the money was made by him. But subdivision 1 of section 410 of the Code, upon which this position has been taken, does not sustain the right of the applicant to delay the application to the time when it was made by him; for that so limits the right of a party entitled to make the demand, as to require the time to be computed from the time when he had actual knowledge of the facts upon which the right depended. And it is very plain that the applicant had such knowledge when these deductions were made from the amount of his salary. He knew at what sum his salary had been fixed, and he certainly knew when deductions were made, that he did not receive the full amount to which he was nominally entitled. These deductions were not made on account of any want of funds in the hands of the board of police to pay the salary, but they were made on account of his absence from duty; so that the facts were all fully and clearly as well as necessarily known to him at the times when he received only the residue of his monthly pay. The provisions of the Code, prescribing the time within which the proceeding should be instituted, became applicable to his case, therefore, at once, as soon as they were enacted; and they secure him no extension of time, simply because of the circumstance that he could not

institute this proceeding before the demand of the money was made by him.

The provision contained in section 3355 of the Code, declaring that for the purpose of determining the effect of the different provisions of the act they should be deemed to have been enacted simultaneously, in no way aids the applicant's case. If they should be considered as broadly as his counsel has insisted they should, they will still be of no service to him, for they would not then place his case within subdivision 3 of section 414 of the Code, because his proceeding was not commenced within two years from the 1st of September, 1880, when this section fully and finally went into effect for this ultimate purpose, and no preceding statute prescribed the time within which they should be taken. But even though there had been, as already observed, he would then fail by reason of the circumstance that he had unreasonably delayed the application which he made, and that, under the preceding rule of law, would require it to be dismissed, as it was, by the court.

It is probably needless to add, although it may as well be said, that it follows, from the fact that the proceeding should have been commenced within six years, that section 388 of the Code has no application to it. The case has been very ably presented by the counsel representing the applicant, but under no view which can be adopted is this proceeding entitled to be sustained.

The order from which the appeal has been taken was right, and it should be affirmed; but as the points to a certain extent are new, it should be without costs.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order affirmed, without costs.