(22 App. Div. 371.)

### In re EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.    November 30, 1897.)

1. TAXATION—RECOVERY OF TAXES PAID.
    Under Laws 1880, c. 542, § 8, and amendatory acts, the personal property of a domestic corporation was exempt from local taxation for state purposes. In the years 1889 to 1894 such a tax was levied on petitioner's personal property; and it paid the same to the collector of taxes, in ignorance of the fact that it included an assessment for state purposes. *Held*, that in a proceeding instituted in September, 1897, under County Law, § 16 (1 Rev. St. [9th Ed.] p. 600), petitioner was entitled to have refunded the amounts paid to the local authorities for state purposes, subsequent to September, 1891.

2. SAME—LIMITATION OF ACTION.
    The summary remedy provided by County Law, § 16, for securing, in certain cases, a refund of taxes paid, applies only within the period of the statute of limitations.

3. SAME—VOLUNTARY PAYMENT.
    Where proceedings for the assessment of taxes are regular on their face, they have the force of a judgment, and a payment of taxes thereunder is not voluntary.

Appeal from Kings county court.

Application of the Edison Electric Illuminating Company of Brooklyn for an order directing the common council to refund certain taxes improperly assessed and collected.    From an order granting the application, and ordering the city to refund certain taxes paid during the years of 1892, 1893, and 1894, the city appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, and HATCH, JJ.

William G. Cooke, for appellant.
Edward S. Peck, for respondent.

GOODRICH, P. J.    The Edison Electric Illuminating Company is a domestic corporation, and during the years 1889 to 1894, both inclusive, was liable to pay a tax directly to the state, under the "Act to provide for raising taxes for the use of the state, upon certain corporations, joint-stock companies and associations" (chapter 542 of the Laws of 1880), and the acts amendatory thereof; but by section 8 its capital stock and personal property were exempted from taxation, except as provided in the act.    The company was

assessed upon its personal property for, and paid to the state, under the provisions of said act: In the year 1890, $720; in the year 1891, $1,046.25; in the year 1892, $1,812.50; in the year 1893, $2,590.86; in the year 1894, $4,031.25. In the years 1889 to 1894, both inclusive, the personal property of the company was included in the property upon which a tax for state purposes was levied and collected by the local authorities under that act; and the company paid the whole amount of the taxes for those years to the collector of taxes of the city of Brooklyn. The amounts thus paid for state purposes were as follows: In the year 1889, $162.14; in the year 1890, $325.57; in the year 1891, $192.66; in the year 1892, $354.03; in the year 1893, $530.06; in the year 1894, $624.54. It will be observed that these taxes in the city of Brooklyn are levied in advance for the succeeding year. Thus, the company, upon its personal property, paid, to the state and to the city, taxes for the years 1889 to 1894, inclusive, and now claims to have refunded to it the amounts paid by it to the city, as shown in the last-named schedule.

By section 16 of the "County Law" (1 Rev. St. [9th Ed.] p. 600), it is provided as follows:

"Any such board may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board, or which may, or shall have properly come before such board for its action, confirmation or review; and cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied, and upon the order of the county court, it shall refund any such tax."

Under this act the company presented its petition to the county court of Kings county, alleging that these sums were illegally and wrongfully collected by the city, and paid by the company in ignorance of the fact that any amount for state purposes was included in the personal taxes, or that it had not received the benefit of the statutory exemption above set forth. No answer was made, and we assume the truth of the petitioner's allegations. The court ordered the common council to refund the taxes thus paid for the years 1891 to 1894, both inclusive, but did not order it to refund those paid for the years 1889 and 1890. From this order the city appeals, and the company also appeals from so much of the order as failed to require the repayment of the taxes of 1889 and 1890.

It is clear, and it was conceded by the learned corporation counsel upon the argument, that the amounts were unjustly collected from the company; but he contends that the statute of limitations has run against the recovery of the taxes of 1889 and 1890, and, as to the other years, that the payments were voluntary, and cannot be recovered unless the company was subjected to some sort of legal duress. We have no difficulty in deciding that the act of 1892 provides for cases like the present. The act authorized the board to "correct any manifest clerical or other error in any assessment or returns"; and we hold that this was a manifest error, not merely or necessarily a clerical error.

The payment cannot be said to be a voluntary payment, within the cases cited by the appellant's counsel. It was made under apparent legal authority, and without knowledge that any amount for state

purposes was included.    The city made no answer to the petition, and the allegations therein contained must form the facts upon which the questions herein involved are to be decided.    In Peyser v. Mayor, etc., 70 N. Y. 497, the court distinctly held that, where the proceedings in the case of an assessment are regular upon their face, they have the force of a judgment, and a payment of taxes made thereunder is not voluntary.    There is no attempt on the part of the city in this proceeding to prove that the assessment proceedings were irregular or void.    In Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408, it was held that a voluntary payment of an assessment made under a mistake of law, with full knowledge of the facts, and not induced by fraud or improper conduct on the part of the payee, cannot be recalled; but here the uncontroverted allegation of the petition is that the money was paid by the company in ignorance of the fact that any amount for state purposes was included, and that it had not received the benefit of the legal exemption in its favor.    See, also, Strusburgh v. Mayor, etc., 87 N. Y. 452.    It is evident that section 16 does not authorize the county court to cancel an assessment.    The only power given to it is to direct the refunding of an illegal tax that has been paid. Such was the reasoning of the court of appeals in Re Buffalo Mutual Gaslight Co., 144 N. Y. 228, 39 N. E. 86.    Evidently, the statute was intended to provide a summary remedy for the refunding of money paid under an illegal assessment, irrespective of the circumstances under which it had been paid.    Wherever there had been "manifest error," the court was empowered to correct it summarily, and, under the petition in this proceeding, such manifest error is shown.    The city has illegally collected from the company money under a manifest error, and ought, in good conscience, to refund it.

Another question arises, as to the effect of the statute of limitations upon the payments for 1889 and 1890.    Harris v. Supervisors, 33 Hun, 279, is authority for saying that proceedings taken under a similar act (chapter 695, Laws 1871) are "special proceedings."    But in the case of People v. French, 12 Abb. N. C. 156, 13 Abb. N. C. 413 (a proceeding by mandamus to compel the defendant, as police commissioner of New York, to pay a policeman's salary), it appeared that the relator's right of action had been barred by the six-years statute of limitations; and the court held that the fact that a remedy by mandamus (that is, by a special proceeding) also existed made no difference in the application of the statute of limitations prescribed by the Code of Civil Procedure, and that such special proceeding was barred unless taken within the prescribed period. We can see no difference arising from the fact that in the present proceeding the county law subsequently passed gave a new and additional remedy.    The limitation was not changed.    The new remedy applied only within the limits of the statute of limitations.

It follows that the order must be affirmed.    All concur.