CHARLES H. SHANLEY, Appellant, *v.* CATHERINE F. SHANLEY, Respondent.

*Will — testimony as to statements of the decedent in avoidance of its legal effect — election by a life tenant as to conveying her own land devised by the will — effect of non-compliance with the will.*

Where a testator, after giving to his widow, in lieu of dower, a life estate in three lots, devises the estate in remainder in one of the lots (the title to which stands in the name of his wife) to his son, by a provision concluding with the words, "which said strip or parcel it is understood my said wife will convey and transfer to my said son," it is not proper to avoid the effect of the will by allowing one of the subscribing witnesses to it and the counsel who drew the instrument to testify that, at the time of its execution, it was agreed by the testator and his wife that the direction of the will to convey to the son should be discretionary and not obligatory.

The fact that the widow takes possession of the land devised to her for life, and of certain personal property specifically bequeathed to her, while she refuses to convey the lot, the title to which stands in her name, does not constitute an election on her part, as in so doing she as much disclaimed the will as adopted it — the case being distinguishable in principle from one in which a widow accepts provisions of a will in lieu of dower, or one in which a person accepts a devise, subject to the payment of a legacy, as the widow would not, in a case like the present one, be divested of her land by mere estoppel, affirmative action in a court of equity being necessary to compel her to part with her title to it.

*Semble,* that where a beneficiary refuses to comply with the demands of a will, and thus renders its provisions in his favor liable to forfeiture, the forfeiture is, not total, but that only so much of the gift is forfeited as is necessary to make compensation to the person, the provisions of the will in favor of whom the beneficiary has declined to carry out.

APPEAL by the plaintiff, Charles H. Shanley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 25th day of July, 1898, upon the decision of the court rendered after a trial at the Westchester Special Term dismissing the plaintiff's complaint.

The will of Michael C. Shanley, after giving to his widow in lieu of dower a life estate in three lots, devised the lots, one to each of two daughters, and the third, the title to which stood in the name of his wife, to his son, who is the plaintiff here, by a provision concluding with the words " which said strip or parcel it is understood my said wife will convey and transfer to my said son." At the death of the testator the widow entered into the possession of her life

estate, including the lot given to the son. The plaintiff brought this action to compel a conveyance to him of the lot in question under an alleged agreement made by the widow of the testator at the time the will was executed, and the widow having died pending the suit, the present defendant, to whom the widow had devised the lot, was substituted as defendant in her stead.

*Gilbert O. Hulse*, for the appellant.

*Maurice Dillon* [*John H. Clapp* with him on the brief], for the respondent.

CULLEN, J.:

This case has been before us on a previous appeal, and the facts showing the nature of the controversy are sufficiently recited in the opinion then delivered by Mr. Justice GOODRICH. (*Shanley* v. *Shanley*, 22 App. Div. 375.) On the present trial no evidence was given tending to show that the land, the title to which stood in the name of the testator's widow, was in reality his and under his control, nor of any parol agreement between the testator and his wife by which the latter agreed to convey the land to the plaintiff. Still, as we held on the first appeal, the will itself put the testator's widow, through whom the defendant claims title, to an election whether she would accept the provisions of the will made in her favor and convey her own property to the plaintiff, or exercise her unquestionable right to keep her own. To avoid the effect of the will, one of the subscribing witnesses to it, and the counsel who drew the instrument, was allowed to testify, over the objection and exception of the plaintiff, that at the time of the execution of the will it was agreed between the testator and his wife that the direction of the will to convey to the plaintiff should be discretionary and not obligatory. We think this was plainly erroneous. Parol evidence was as incompetent to vary the effect of this provision of the will as it would have been to modify or alter any other provision. No distinction in principle can be drawn between the two cases; and the question is also settled by authority. (1 Jarm. Wills [6th ed.], *424; Bisp. Eq. [5th ed.] 415.) The decision of the learned court proceeded chiefly on this agreement between the testator and his wife. The judgment must, therefore, be reversed, unless it clearly appears that the plaintiff's right to relief was barred on other grounds.

There was evidence tending to show that the widow received no part of the testator's personal estate except his household furniture, and even contributed her own funds to pay the testator's debts, to discharge the mortgages on the property, and to make some payments to her children as directed in the will. At least $4,200 of the insurance money accruing on the testator's decease was payable to the widow personally. All this was turned over to the husband's estate, and the only benefit she seems to have derived from the personal estate was the payment of a $2,000 mortgage on her own property. There is no proof in the case as to the value of the household furniture bequeathed to the widow absolutely, or of the rental value of the real estate devised to the widow for life. It may be that, as stated by the learned counsel for the respondent, these were of little value, but we cannot indulge in such a presumption ; and if in fact the widow gained nothing by her husband's will, it was incumbent upon the defendant to show it.

Here, however, it is necessary to examine the claim of the plaintiff that the testator's widow made her election when she entered into the possession of the real estate and personal property specifically bequeathed, and that having then made her election she was bound by it, and was obliged to convey her land as directed by the will, whether in fact she got any substantial property under the will or not. We do not assent to this claim. Though the widow took possession of the land devised to her for life, she refused to convey away her own land. She just as much disclaimed the will as she adopted it. Under our view of the law, and our construction of the will, she could not consistently assume both positions ; nevertheless in fact she did assume both. "The fact of a person not having been called upon to elect and entering into the receipt of the rents and profits of both properties, as it affords no proof of preference, cannot be held an election to take one and reject the other." (1 Jarm. Wills [6th ed.], *435.) In this respect the case is distinguishable in principle from that of a widow who accepts provisions of a will in lieu of dower, and subsequently discovers that her right of dower would have been more valuable, or one who accepts a devise subject to the payment of a legacy and afterwards finds out that the subject of the devise is not worth the charge on it. The defendant's devisor could not, in a case like the present one, be divested

of her land by mere estoppel. It required affirmative action in a court of equity to compel her to part with her title. (*Beal* v. *Miller*, 1 Hun, 390.) The plaintiff might at any time have brought his action to compel the widow to make her election. In that action her rights would have been determined, and then, knowing her rights, she could have made her election intelligently. There is this further to be said: Where a beneficiary refuses to comply with the demands of a will, and thus renders the provisions of the will in his favor liable to forfeiture, the rule now is that the forfeiture is not total, but that only so much of the gift is forfeited as is necessary to make compensation to the person the provisions of the will in favor of whom he has declined to carry out. (Bisp. Eq. 416.) We do not see why this principle should not equally apply when it is sought to compel a legatee or devisee under a will to specifically carry out its provisions in favor of some third party. We agree with what has been said by the court below in the discussion of this branch of the case, and in our opinion the defendant should have the election to either convey the land to the plaintiff or transfer to him what her grantor received under the will. If in fact she received nothing, then no restitution is to be made.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.