PEOPLE ex rel. RENDROCK POWDER CO. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department.   June 9, 1899.)

VOID ASSESSMENT—CERTIORARI.
      Code Civ. Proc. § 2120, authorizes a writ of certiorari in all cases in
      which it might have been issued in common law, where such writ is not
      taken away by statute.   *Held*, that a writ to review a void assessment was
      not taken away by general tax law (section 250), authorizing review where
      the assessment is "illegal."

Appeal from special term, New York county.

Application by the people, on the relation of Rendrock Powder Company, for a writ of certiorari against Thomas L. Feitner and others, commissioners of taxes and assessments.   From an order denying a motion to quash the writ, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

James M. Ward, for appellants.
Joseph A. Flannery, for respondent.

PATTERSON, J.    This is an appeal from an order denying a motion to quash a writ of certiorari issued to review the action of the commissioners of taxes and assessments of the city of New York in assessing, for the purposes of taxation for the year 1898, the property of the relator, a nonresident corporation.    The petition upon which the writ was issued states the ground of the application to be "that the assessment made of the relator's property was illegal, erroneous, and void"; and it then proceeds to state that the relator's principal office for transacting its business and financial concerns, on the second Monday of January in the year 1898, was not in the city of New York; that its business operations were not carried on in that city during any part of that year, and that it had no real estate in said city, and that it did not at any time during that year have, hold, or possess any property of any nature whatsoever in the city of New York, but that its principal place for transacting its financial affairs, as well as all its business operations, on the second Monday of January, 1898, was the town of Tarrytown, in the county of Westchester, in the state of New York, where it was assessed for taxation for the year 1898.    It is further alleged in the petition that the relator was not liable for assessment in the city and county of New York for the year 1898; that it did not make any return or statements to the commissioners of taxes and assessments in the city of New York for that year; and that it was not aware, until a few days previous to

the date of its petition (which is July 18, 1898), that it was assessed for taxation for the year 1898 upon the assessment rolls of the city and county of New York for that year. On the petition, the order for the writ, and the writ, the commissioners made the motion to quash; the notice of motion specifying that it was made upon the ground that the court was without jurisdiction to issue the writ.

It was claimed by the commissioners that the writ should not have been issued, because of a failure of the petitioner to comply with the provisions of section 250 of the general tax law (chapter 908, Laws 1896), which enacts that the petition must show that application had been made in due time to the proper officers to correct the assessment. That is not shown in this petition, but, on the contrary, it appears that no application was made. We understand from the brief of the appellants' counsel that they now admit that in this case no application was necessary, and they also admit that the assessment was void. The ground, however, upon which they insist that the writ should have been quashed, is that certiorari will not lie to review a void assessment. They claim that this proceeding is one instituted under the provision of section 250 of the general tax law, which authorizes any named person upon an assessment roll, and claiming to be aggrieved thereby, to present to the supreme court a petition, duly verified, setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, etc. It is urged that, this proceeding being under that section, the illegality referred to there is some other unlawfulness than that which arises from an assessment altogether void, and it is argued that the court will not entertain a writ to review an assessment altogether void, because the taxpayer, whenever the effort is made to enforce a tax based upon such an assessment, has a remedy at law, which would be either replevin or trespass. The real ground of the relator's application for the writ is that the commissioners did not have jurisdiction over it to assess its property for the purposes of taxation. A writ of certiorari, at common law, extended in the state of New York to the review of an assessment void for want of jurisdiction. People v. Board of Assessors of City of Brooklyn, 39 N. Y. 81, per Mason, J.; People v. Fredericks, 48 Barb. 173, per Davis, J., affirmed in 48 N. Y. 70; People v. Board, etc., of Village of Ogdensburgh, 48 N. Y. 390, per Earl, C. Under Code Civ. Proc. § 2120, a writ of certiorari may be issued in those cases in which the writ might have been issued at common law by a court of general jurisdiction, and where the right to the writ, or the power of the court to issue it, is not expressly taken away by statute.

The right to issue the writ in a case of this kind is not taken away by section 250 of the general tax law, nor by any other law to which our attention has been called. It is true that this writ is not made returnable in the manner in which a common-law writ would be returnable, but the question is one of the jurisdiction of the court to issue a writ, and not one relating only to the method of procedure or practice under the writ. The general tax law authorizes the issuance of the writ to review an illegal tax. A tax void for want of power to impose it is certainly illegal. It may be that a certiorari

will rarely issue where another sufficient and adequate remedy exists, but it does not result therefrom that the writ will not be issued in an appropriate case. In the cases in which the writ has been refused because of a void assessment, it has appeared that the assessing officers were totally without power to act, and their proceedings were nullities, as in the case of People v. Supervisors of Queens Co., 1 Hill, 196, or where the whole assessment roll was absolutely void, as in People v. Parker, 117 N. Y. 86, 22 N. E. 752. In the case now before us, the assessment was made by properly constituted legal authorities. The assessment was illegal because the relator was not subject to assessment for the purposes of taxation, or to taxation, in the city and county of New York. In that sense, the assessment against it was void, and it was illegal in consequence. There is nothing in section 250, nor in any other provisions of the general tax law, which would limit the effect of the word "illegal," as applied to an assessment such as that against this relator, and in none of the cases that have been cited or examined has it been declared as an absolute rule that in no case of a void assessment will a writ of certiorari be allowed. The furthest the courts have gone is to say that a writ of certiorari will seldom be allowed to review a void assessment. As the only question argued here is one of the jurisdiction of the court to issue this writ, we only pass upon that question, and hold that the court below was right in refusing to quash it on the ground upon which the motion was made, and the only one now insisted upon by the appellants.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.