CHALMERS DALE, as Trustee of CARRIE R. DALE, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Personal assessment in the city of New York — when made against a non-resident trustee it is void — a payment under a warrant is involuntary — right to sue the city after demand — it is not contingent upon certiorari proceedings — when a certiorari is necessary — proof as to city funds.*

An assessment for personal property, levied in the city of New York, against a trustee who was a resident of the State of New York, but not of the city of New York, is void for want of jurisdiction, and it is not necessary for the trustee to apply on review day to have the assessment canceled.

Where the assessment is made in due form of law against the trustee as a resident of the city of New York and a warrant is issued authorizing the collection thereof by levy and sale, a payment of the tax by the trustee in order to prevent such a levy and sale is not a voluntary payment.

Upon making such payment the trustee is entitled to recover the same from the city, and if the comptroller of the city refuses to reimburse the trustee within thirty days after demand the trustee may maintain an action against the city to enforce his claim.

The assessment having been made without jurisdiction, it is not necessary for the trustee to establish, by certiorari proceedings, the illegal character of the assessment as a condition precedent to his right to recover.

Consequently, the fact that the trustee did institute a certiorari proceeding to review the assessment, which proceeding resulted in an adjudication before the action was commenced but not until after the claim had been filed with the comptroller that the assessment was void, will not prevent the trustee from maintaining the action.

The trustee's right to maintain an action against the city is not affected by section 256 of the Tax Law (Laws. of 1896, chap. 908) or by section 16 of the County Law (Laws of 1892, chap. 686).

In the action by the trustee against the city it is not incumbent upon the trustee to show the state of the municipal funds and that adequate provision has been made for the payment of the trustee's claim, nor is the court required to examine the provisions of the Greater New York charter for the purpose of determining whether authority exists to pay the judgment if the trustee succeeds in the action.

*Semble,* that if the assessing officers of the city of New York had had jurisdiction to levy the assessment, the trustee would have been obliged to establish the invalidity of the assessment by certiorari proceedings as a condition precedent to a right to recover.

VAN BRUNT, P. J.; dissented.

APPEAL by the defendant, The City of New York, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of November, 1901, upon the decision of the court rendered after a trial at the New York Special Term overruling the defendant's demurrer to the complaint.

*David Rumsey,* for the appellant.

*Truman H. Baldwin,* for the respondent.

LAUGHLIN, J. :

In the year 1899 the plaintiff was assessed for personal property in the city of New York. The assessment was made in due form of law, and a warrant authorizing the collection thereof by levy upon and sale of the goods and chattels of the plaintiff was likewise issued in due form by the receiver of taxes to a marshal who threatened to

execute the same as therein commanded. On the 28th day of June, 1900, the plaintiff, to prevent a levy and sale by the marshal under said warrant, paid the tax and brings this action to recover it back.

The plaintiff alleges that at the time this tax was levied he was a resident of the town of Phillipstown, Putnam county, N. Y., and was not a resident of the city of New York; that during the time the assessment roll was open for inspection and revision he applied in person and presented to the board due proof of his non-residence; that his application was denied and he was assessed as a resident; that the steps and proceedings required by law in the case of a valid assessment were taken; that the marshal was commanded by the warrant to collect the tax by distress and sale of plaintiff's goods and chattels and was proceeding to execute the same, and that plaintiff paid the tax to prevent a sale of his property therefor; and thereafter, on the 13th day of July, 1900, served upon the comptroller a notice in writing demanding repayment of the amount so paid to the marshal, but that the comptroller refused to settle or adjust the same; that on the 11th day of April, 1901, said assessment and tax were adjudged to be illegal and void in a certiorari proceeding instituted by the plaintiff for the cancellation thereof before payment. The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

Formerly where a tax was void for want of jurisdiction and there was no other adequate remedy it could be struck from the rolls by mandamus; but now a remedy by certiorari is provided in the Tax Law (Laws of 1896, chap. 908), which, however, is not exclusive, and the common-law writ of certiorari may also in such case be invoked for the cancellation of the tax. (*People ex rel. Powder Co.* v. *Feitner*, 41 App. Div. 544; *People ex rel. Kendall* v. *Feitner*, 51 id. 196, 200; *People ex rel. Cochrane* v. *Feitner*, 44 id. 239, 241; *People ex rel. N. Y. & H. R. R. Co.* v. *Tax Board*, 55 id. 544.)

In the city of New York many of the provisions of the Tax Law are inapplicable, special provisions differing therefrom being contained in the Greater New York charter. Where the taxing officers have jurisdiction, the review by certiorari is exclusive and must be had in conformity with the Tax Law which, as amended or modified by said charter, prescribes the method and scope of the review.

The time for bringing the proceeding in the county of New York is not limited by the Tax Law and was formerly declared to be governed by the Code, but it is now prescribed by the charter. (*People ex rel. Kendall* v. *Feitner, supra; People ex rel. Cochrane* v. *Feitner, supra; People ex rel. Bronx Gas Co.* v. *Barker*, 22 App. Div. 161; *People ex rel. People's Trust Co.* v. *Feitner*, 51 id. 178; *People ex rel. Equitable Gas Co.* v. *Barker,* 81 Hun, 22; *United States Trust Co.* v. *Mayor*, 144 N. Y. 488; *People ex rel. E. G. L. Co.* v. *Barker*, 144 id. 94; *People ex rel. Thomson* v. *Feitner*, 168 id. 441, 456; *People ex rel. Brewing Co.* v. *Feitner*, 41 App. Div. 496.)

The statute requires that taxes upon personal property assessed against a trustee shall be levied in the district where he resides. (Tax Law [General Laws, chap. 24; Laws of 1896, chap. 908], § 8.) The plaintiff was a resident of the State of New York, but not a resident of the city of New York and, therefore, the taxing officers of said city had neither jurisdiction of his person or property and the tax levied was absolutely void. (*New York Milk Products Co.* v. *Damon*, 57 App. Div. 261; *People ex rel. Young* v. *Dederick*, 40 id. 570; affd., 160 N. Y. 687; *Wilcox* v. *City of Rochester*, 129 id. 247; *People ex rel. Powder Co.* v. *Feitner, supra; People ex. rel. Mygatt* v. *Supervisors of Chenango County*, 11 N. Y. 563; *Mygatt* v. *Washburn*, 15 id. 316; *People ex rel. Beaman* v. *Feitner*, 168 id. 360.)

There being no jurisdiction to levy the tax it was not even necessary for the plaintiff to apply on review day to have the assessment canceled. (*People ex rel. Powder Co.* v. *Feitner, supra.*) The tax having been imposed in form against the plaintiff as a resident, it was apparently valid and enforcible by distress of his goods and chattels. The payment, therefore, to prevent a levy and sale was made not voluntary but under coercion of law. (*Bank of Commonwealth* v. *Mayor*, 43 N. Y. 184; *Bruecher* v. *Village of Port Chester*, 101 id. 240; *Diefenthaler* v. *Mayor*, 111 id. 331; *Strusburgh* v. *Mayor*, 87 id. 452; *Horn* v. *Town of New Lots*, 83 id. 100; *Peyser* v. *Mayor*, 70 id. 497; *Bennett* v. *Robinson*, 42 App. Div. 412; *Matter of Adams* v. *Supervisors*, 18 id. 415; affd., 154 N. Y. 619.)

If there had been time the plaintiff could have procured the can-

cellation of the tax by a certiorari proceeding (*People ex rel. Powder Co.* v. *Feitner, supra*), but it is doubtful whether he could have enjoined the collection thereof. (*D. & H. C. Co.* v. *Atkins,* 121 N. Y. 246 ; *Strusburgh* v. *Mayor, supra.*) However, he was not obliged to resort to either of these remedies. The payment of the tax having been compelled by duress of plaintiff's goods and chattels, a right of action against the city for the money as having been had and received by it at once vested in the plaintiff, and, upon the failure of the comptroller to adjust the same within thirty days after demand, the plaintiff became entitled to maintain an action for the recovery thereof. (*Newman* v. *Supervisors of Livingston County,* 45 N. Y. 676 ; *Jex* v. *Mayor,* 103 N. Y. 536, 541 ; *Matter of Chadwick,* 59 App. Div. 334 ; *United States Trust Co.* v. *Mayor, supra.*)

Where the assessing officers have jurisdiction it is doubtless necessary to vacate their determination before the tax paid can be recovered back ; but the rule is otherwise where they proceed without jurisdiction, as in the case at bar. (*Bank of Commonwealth* v. *Mayor,* 43 N. Y. 184 ; *Swift* v. *City of Poughkeepsie,* 37 id. 511 ; *Newman* v. *Supervisors of Livingston County, supra ; Union Nat. Bank* v. *Mayor,* 51 N. Y. 638 ; *Mutual Life Ins. Co.* v. *Mayor,* 144 id. 494 ; *Board of Education* v. *Henderson,* 42 App. Div. 237.)

If it were necessary to vacate the assessment, which has been levied without jurisdiction, that could be done in this action. (*Jex* v. *Mayor, supra ; Mutual Life Ins. Co.* v. *Mayor, supra.*) It is evident, therefore, that when the payment of the tax was thus compulsorily enforced, the plaintiff might have abandoned the certiorari proceeding and have forthwith instituted this action after the lapse of the time given by the comptroller to repay the money. The demand upon the comptroller was manifestly sufficient for this purpose. Indeed the only criticism made upon the demand is that it is insufficient, provided the plaintiff bases his right of recovery upon the decision in the certiorari proceeding, which was subsequent thereto. The complaint also shows the invalidity of the tax upon the ground of want of jurisdiction in the taxing officers. The allegations in the complaint concerning the determination in the certiorari proceeding are entirely immaterial and may be regarded

as surplusage. Inasmuch as a right of action existed for the money had and received which, on account of the assessment having been made without jurisdiction, could be enforced by direct action, it is difficult to see how the plaintiff can be estopped or his rights affected by the fact that he unnecessarily prosecuted the certiorari proceeding to a final determination after paying the tax. It is strenuously urged on the part of the appellant that section 256 of the Tax Law is applicable and that no cause of action vests in plaintiff until the amount paid by him has been again collected by taxation as therein provided. That section provides in substance that where on a certiorari proceeding it shall be determined that an assessment is illegal, erroneous or unequal, but such determination shall not be made in time to enable the assessors or other officers to make a new or corrected assessment for the use of the board of supervisors, then, at the first annual session of the board of supervisors thereafter, there shall be audited and allowed to the petitioner and included in the next tax levy "and paid to the petitioner, the amount paid by him, in excess of what the tax would have been if the assessment had been made as determined " by the court, together with interest thereon from the date of payment.

If the board of taxes and assessments had jurisdiction of the plaintiff and of the subject-matter, then doubtless he would be obliged to establish by certiorari, as a condition precedent to his right to recover, that the tax was illegal or erroneous. In such case it was assumed by the General Term of this department that the provisions of the General Tax Law (Laws of 1880, chap. 269, § 8), with reference to refunding the excess of the tax over what it should have been would govern (*People ex rel. Manhattan Ry. Co. v. Coleman*, 48 Hun, 602; 1 N. Y. Supp. 112), but the determination of this appeal does not require a decision of that question.

In other counties, where concededly this section 256 of the Tax Law is applicable, it has been repeatedly held that repayment of illegal taxes may be voluntarily made by the board of supervisors or compelled by the court under section 16 of the County Law (Laws of 1892, chap. 686) which authorizes boards of supervisors to refund the amount of any tax collected from any person where such tax was "illegally or improperly assessed or levied," and further provides that "upon the order of the County Court it shall refund any

such tax." This provision of the County Law was intended as a summary remedy by petition where the payment of an illegal (the word " improperly " does not extend the meaning) tax is exacted under coercion of law and that in such case no certiorari proceeding is necessary, nor is the court authorized or required to cancel the tax. The board of supervisors is authorized to refund voluntarily moneys thus received, and on failure of the board to act the County Court is authorized to compel its restoration without regard to the provisions of section 256 of the Tax Law. (*Matter of Buffalo Mutual Gas Light Co.*, 144 N. Y. 228; *Matter of Edison El. Illuminating Co.*, 22 App. Div. 371; affd., 155 N. Y. 699; *Matter of Buffalo Mutual Gas Light Co.*, *supra*; *Matter of Adams* v. *Supervisors*, 18 App. Div. 415; affd., 154 N. Y. 619; *Matter of Chadwick*, *supra*; *Matter of Baumgarten*, 39 App. Div. 174; *Matter of McCue* v. *Supervisors*, 45 id. 406; affd., 162 N. Y. 236; *Matter of Reid*, 52 App. Div. 243.)

Even if section 16 of the County Law were applicable to the city of New York that would not necessarily prevent the maintenance of this action. That statute recognizes the right of the party paying an illegal tax to have the money forthwith refunded, and it provides not an exclusive remedy, but a remedy which would ordinarily be adequate and speedy. Notwithstanding this provision a party may resort to his common-law right of action if he sees fit to do so, and this is what the plaintiff has done. It was not incumbent upon the plaintiff to show the state of the municipal funds, and that adequate provision had been made for the payment of a claim of this character, nor is the court required to examine the provisions of the Greater New York charter for the purpose of determining whether authority exists to pay the judgment if plaintiff succeeds in the action. The defendant under the forms of law, but without the shadow of a right, has taken this money from the plaintiff. It has no right to retain it, but on account of the charter provisions plaintiff was precluded from bringing his action until he presented his claim to the comptroller and gave that official, representing the city, an opportunity to repay the money without litigation. (Laws of 1897, chap. 378, § 261). The demand having been refused, the plaintiff is entitled to maintain his action, and, upon proof of the facts, to recover a judgment. It may be assumed that funds have

been provided from which the judgment may be satisfied; but, if not, those questions can arise only on the proceeding taken to enforce the judgment and are not a bar to its recovery.

It follows, therefore, that the demurrer was properly overruled and the interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw demurrer and answer upon payment of costs of the demurrer and of the appeal.

O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. I am of the opinion that proceedings were necessary to vacate the assessment and that no right of action existed until such proceedings resulted in a final order. No demand having been made after the proceedings which were taken had resulted in such final order, no right of action had accrued.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.