cliff v. Mayor, 4 N. Y. 195, 53 Am. Dec. 357; Davis v. Mayor, 14 N. Y. 506, 67 Am. Dec. 186; Bellinger v. N. Y. C. R. Co., 23 N. Y. 42; Kellinger v. 42d St. R. Co., 50 N. Y. 206.

[7] The right to exist and operate being unquestioned as a matter of law, it becomes a material circumstance in determining the question whether a thing is or is not a nuisance to ascertain from the facts whether the plaintiff has been hurt or injured by the unreasonableness of the methods employed. Hochstrasser v. Martin, 74 Hun, 338, 26 N. Y. Supp. 410.

[8] The trial court, as I think, not having had jurisdiction of the cause of action alleged in the complaint, I have concluded that it would not be proper for me to determine the legal propositions last above stated, as they are applicable in my opinion to the facts included in the record. For the reasons stated, however, the judgment of the City Court herein should be reversed, with costs.

Judgment reversed, with costs.

---

### FIFTH AVE. COACH CO. v. STATE.

#### (Court of Claims of New York. August 17, 1911.)

1. STATES (§ 184*)—CLAIMS AGAINST STATE—JURISDICTION OF COURT OF CLAIMS —"PRIVATE CLAIM."

A claim by a private corporation against a state for excess registration fees, paid for registering automobiles and illegally retained by the state, is a "private claim" within the statute giving the Court of Claims jurisdiction of private claims.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*

For other definitions, see Words and Phrases, vol. 6, p. 5570.]

2. STATES (§ 184*)—CLAIM AGAINST STATE—CLAIM FOUNDED UPON CONTRACT.

A claim against the state to recover excess registration fees paid for registering automobiles is not one founded upon contract, express or implied, within the statute excluding the Court of Claims from jurisdiction where the claim is required by law to be submitted to any other tribunal or officer for determination except where it is founded upon contract, express or implied.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

3. STATES (§ 184*)—CLAIM AGAINST STATE—JURISDICTION.

Since State Finance Law (Consol. Laws 1909, c. 56) § 4, subd. 5, authorizing the Comptroller to refund moneys paid into the treasury through mistake, does not apply to payments on account of taxes, it would not apply so as to require a claim for excess registration fees paid for registering automobiles to be submitted to any other tribunal or officer for audit before its allowance by the Court of Claims, and the provision of the statute excluding the Court of Claims from jurisdiction where the claim must be submitted to any other tribunal would not deprive it of jurisdiction thereof.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

4. STATES (§ 184*)—CLAIM AGAINST STATE—JURISDICTION OF COURT OF CLAIMS.

Under Code Civ. Proc. § 264, providing that no award shall be made on any claim against the state except upon such legal evidence as will establish liability against an individual or corporation in a court, a claim against the state to recover excess fees paid by a private corpora-

---

tion for registering automobiles is such a claim as would be recoverable in an ordinary suit between an individual or private corporation and a municipal corporation, so that it may be allowed by the Court of Claims.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

5. TAXATION (§ 541*)—VOID TAXES—"INVOLUNTARY PAYMENT."

An action may be brought to recover an illegal tax paid where the tax is void and the payment is involuntary, as where made through coercion of law or fact.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1002; Dec. Dig. § 541.*

For other definitions, see Words and Phrases, vol. 4, p. 3764.]

Claim by the Fifth Avenue Coach Company against the State of New York. Claim allowed.

This claim is for the refund of excess registration fees, which claimant, a corporation organized and existing under the laws of the state of New York, was compelled to pay under protest on registering 80 double-deck automobile stages, operated by the claimant in passenger transportation service in New York City, N. Y. The claimant on or about July 28, 1910, made application to the Secretary of State on blanks furnished by the secretary for the registration, for the period from August 1, 1910, to February 1, 1911, under chapter 374 of the Laws of 1910, of 61 double-deck automobile stages operated in its passenger service. The claimant asserted that the stages were motor vehicles used solely for commercial purposes, and that the registration fee for the mentioned period should be under said act at the rate of $2.50 per stage, and in the aggregate sum of $152.50. The Secretary of State refused to receive the fees on the ground that the stages, though engaged exclusively in passenger service, were not motor vehicles used solely for commercial purposes. Thereupon claimant paid under protest to the Secretary of State, as the registration fees of 61 automobile stages, the sum of $302; the claimant having previously paid $2.50 on account. Subsequently mandamus proceedings were instituted, in which proceedings it was determined that the position taken by the claimant was correct and that excess fees had been paid by it, whereupon this claim was filed for an award for such excess.

Page, Crawford & Tuska, for claimant.
Edward R. O'Malley, D. E. Brong, and M. H. Quirk, for the State.

RODENBECK, J. The jurisdiction of the court to entertain this claim is the only question presented. The claimant paid excess registration fees; the state has the money and ought to refund it. The legality of the excess fees required to be paid has been passed upon by the Appellate Division of the Third Department, and the only question presented here is whether or not this court has jurisdiction to render an award for such excess.

[1] This court has jurisdiction of "private claims." The term "private" is used as the antithesis of "public." Cayuga County v. State, 153 N. Y. 279, 47 N. E. 288. The claim here urged is clearly not a public claim, but is a claim made by a corporation against the state for the refund of moneys which the state illegally retains.

[2] This jurisdiction of the court, however, has an exception. The statute provides that it shall have no jurisdiction where the claim is required to be submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon contract express or implied. A tax is not based upon contract, but is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an enforced contribution for the support of government. Cooley on Taxation (3d Ed.) p. 19.

[3] This court therefore has jurisdiction unless the claim is' required to be submitted by law to another tribunal or officer for audit or determination. The only provision of law to which reference has been made on this proposition is subdivision 5, § 4, of the State. Finance Law (Consol. Laws 1909, c. 56), authorizing the Comptroller to refund moneys paid into the treasury through mistake; but this authority is subject to the exception that it shall not apply to payments on account of taxes.

[4] The court therefore has jurisdiction and can make an award provided a recovery under the state of facts which exists here could be had against an individual or corporation in any other court. The statute conferring jurisdiction upon the court provides that there shall be no liability in any case except upon such legal evidence as would establish a liability against an individual or corporation in a court of law or equity. Code of Civil Procedure, § 264. The facts which exist in this controversy could of course not arise between individuals, but similar facts involving taxes might arise between corporations. such as a private corporation and a municipal corporation, or between an individual and a municipal corporation. In such a controversy under a similar state of facts a recovery could be had. Unlike the claim of Flower v. State, 143 App. Div. 871, 128 N. Y. Supp. 208, wherein there was a mutual mistake of law and the payment of the tax was voluntary, the payment here was made under protest and under such circumstances as to amount to an involuntary payment. This claimant disputed the right of the state to exact the taxes and successfully litigated the question in the courts after paying the taxes under protest.

[5] In order to protect its rights it was not necessary for it actually to cease operating its vehicles or to subject itself to the penalties provided for in the statute. An action may be maintained to recover an illegal tax paid, where the tax is void and the payment involuntary, which is the case where the payment is made through coercion of law or of fact. Newman v. Supervisors of Livingston County, 45 N. Y. 676; National Bank of Chemung v. City of Elmira, 53 N. Y. 59; Peyser v. Mayor, etc., of N. Y., 70 N. Y. 497, 26 Am. Rep. 624; Breucher v. Village of Port Chester, 101 N. Y. 240, 4 N. E. 272; Dale v. City of New York, 71 App. Div. 231, 75 N. Y. Supp. 576, 1123.

The claim being one which would be recoverable in the ordinary courts were it a controversy between an individual or private corporation and a municipal corporation, and this court having jurisdiction thereof, the claimant is entitled to recover the sum of $247.50, with interest from the date of payment.