BARTLETT, HAIGHT and VANN, JJ., concur with MARTIN, J., for reversal.

GRAY, J., says: I think this judgment should be affirmed. I concur with my brother MARTIN's opinion upon all the points discussed, except as to the alleged error in the charge of the trial judge, and it is from the conclusion which he reaches in that respect that I dissent.

O'BRIEN, J., reads dissenting opinion on question of jurisdiction, but declines to vote on the question of alleged error in the charge.

Judgment reversed and new trial granted.

---

In the Matter of the Application of DELBERT A. ADAMS, as Executor of LYDIA M. WILCOX, Deceased, Respondent, *v.* THE BOARD ON SUPERVISORS OF THE COUNTY OF MONROE, Appellant.

1. TAX — PAYMENT OF ILLEGAL TAX BY EXECUTOR — REFUND UNDER COUNTY LAW. An executor, upon whom an express general power of sale has been conferred by a will devising real estate to the testator's children, to be equally divided among them, with a trust as to the share of one child for maintenance until a certain age, is warranted in paying taxes, illegal because assessed against the "estate" or "heirs" of the decedent, in order to make sale of the land under the power contained in the will, and is entitled to obtain a refund by proceeding under section 16 of the County Law (L. 1892, ch. 686).

2. COUNTY LAW — REFUND OF ILLEGAL TAX. The provision of the County Law (L. 1892, ch. 686, § 16) which confers upon the board of supervisors power to refund to any person the amount of an illegal tax collected from him, and upon the County Court power to direct that it be refunded, was intended for the benefit of a party who pays an illegal tax voluntarily, as well as one who pays under duress. It is a general provision, for the benefit of any one from whom an illegal tax has been collected.

3. MONROE COUNTY — LOCAL STATUTE. A person who has paid an illegal tax upon land in Monroe county is not confined to an application

for relief under the local statute (L. 1884, ch. 107, § 23); and the fact that he has proceeded under that statute and failed to obtain relief, does not preclude him from proceeding for a refund, under the County Law.

4. PROCEEDING UNDER COUNTY LAW. The application of the taxpayer to the board of supervisors and to the county judge, under section 16 of the County Law, for the refund of an illegal tax paid by him, is informal and not governed by any established rules of procedure.

*Matter of Adams* v. *Supervisors,* 18 App. Div. 415, affirmed.

(Argued December 6, 1897; decided January 11, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 20, 1897, which reversed an order of the County Court of Monroe county in a special proceeding.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*John Desmond* for appellant. In a proceeding of this kind the petitioner must allege and prove affirmatively every fact which entitles him to the relief prayed for. (*Tingue* v. *Vil. of Port Chester,* 101 N. Y. 294; *Sweeney* v. *Warren,* 127 N. Y. 426; *Quin* v. *Skinner,* 49 Barb. 128; *Lovett* v. *Kingsland,* 44 Barb. 560; 35 N. Y. 617; *Read* v. *Williams,* 125 N. Y. 560.) The petitioner claimed for the first time in the Appellate Division that he had title as trustee of the share of Charles Wilcox. He should have alleged it in his petition. (*Sweeney* v. *Warren,* 127 N. Y. 426; *Hetzel* v. *Barber,* 69 N. Y. 1; *Quin* v. *Skinner,* 49 Barb. 128; *Lovett* v. *Gillender,* 35 N. Y. 617; Girard on Titles [3d ed.], 454; *Read* v. *Williams,* 125 N. Y. 560.) Assuming that the omission to allege that the will contained a power in trust which had not been accomplished is not fatal to this proceeding, it is submitted that the trust is not a valid one. (*Hetzel* v. *Barber,* 69 N. Y. 1; *Chamberlain* v. *Taylor,* 105 N. Y. 185.) As there was neither a beneficial power nor valid power in trust created by the will, which had not been fulfilled prior to the payment of the taxes, the petitioner not only was under no obligation to pay the taxes in question, but he had no power

to make a conveyance. Therefore, the payment of the taxes in question was not involuntary on his part. (*Vanderbeck* v. *City of Rochester*, 122 N. Y. 285; *Tripler* v. *Mayor, etc.*, 125 N. Y. 617; *Bruecher* v. *Vil. of Port Chester*, 101 N. Y. 240; Code Civ. Pro. § 2719; *In re Selleck*, 111 N. Y. 284.) This proceeding should be dismissed for the reason that the provisions of section 16, County Law, are not applicable to Monroe county. In matters of correcting the assessment rolls, collecting taxes, selling lands for unpaid taxes, the method of procuring deeds and the method of procedure are all provided for by a special act of the legislature, chapter 107, Laws of 1884, amended by chapter 718, Laws of 1893. (*In re Comrs. Central Park*, 50 N. Y. 493; *McKenna* v. *Edmundstone*, 91 N. Y. 231; *Dudley* v. *Mayhew*, 3 N. Y. 9; *In re N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 374.) The fatal error of the Appellate Division was in assuming that the petitioner had the same standing in court that an owner of the fee would have had and that he had a valid power. The petitioner had admitted upon the argument in the County Court that he had no power to pay the taxes mentioned in his petition. (*In re Selleck*, 111 N. Y. 284; Code Civ. Pro. § 2719.)

*Delbert A. Adams*, respondent, in person. The assessments set forth in the petition are clearly illegal and absolutely void upon the face of the roll. (*Trowbridge* v. *Horan*, 78 N. Y. 439; *Cromwell* v. *MacLean*, 123 N. Y. 474; *Vil. of Sandy Hill* v. *Akin*, 77 Hun, 537; *In re Kentworthy*, 17 N. Y. Supp. 655; *People ex rel.* v. *Valentine*, 5 App. Div. 520; *In re Hartshorn*, 44 N. Y. S. R. 16; *Haight* v. *Mayor, etc.*, 99 N. Y. 280; *B. & S. L. R. R. Co.* v. *Suprs. Erie Co.*, 48 N. Y. 93; *Hilton* v. *Fonda*, 86 N. Y. 339; *Calkins* v. *Chamberlain*, 15 N. Y. S. R. 576.) The acting executor had the power to sell the farm and to convert the same into money to secure administration of the avails among the parties interested, without the delay and expense of a partition action. (*Kinnier* v. *Rogers*, 42 N. Y. 531; *Correll* v. *Lauterbach*, 12 App. Div.

531; *Lindo* v. *Murray*, 91 Hun, 335; *In re Spears*, 89 Hun, 49.) These assessments, tax sales and tax deeds cast a cloud on the title and prevented a sale of the farm by a merchantable title. (*Stewart* v. *Crysler*, 100 N. Y. 378; *Smith* v. *Town*, 47 N. Y. S. R. 665; *Sanders* v. *Parshall*, 51 N. Y. S. R. 551; 142 N. Y. 679; *Vaughan* v. *Vil. of Port Chester*, 6 N. Y. S. R. 681; *Calkins* v. *Chamberlain*, 15 N. Y. S. R. 576; *Pink* v. *Barberi*, 17 Wkly. Dig. 521; *Strusburgh* v. *Mayor, etc.*, 87 N. Y. 453; *Travis* v. *Phelps*, 33 N. Y. Supp. 744; *Lehman* v. *Roberts*, 86 N. Y. 232; *Bockes* v. *Lansing*, 74 N. Y. 437; *Smith* v. *Reid*, 134 N. Y. 568.) The assessments are void on their face, but the tax deeds are valid until set aside by evidence showing their invalidity in an action. (L. 1884, ch. 107, § 10; *Smith* v. *Town*, 47 N. Y. S. R. 665.) It was the duty of the county treasurer to cancel the sales when he discovered that the assessments were void. (L. 1884, ch. 107, § 3.) The payment of the taxes was not voluntarily made, but the executor was compelled to pay to sell the farm by a merchantable title. (*Bank of Comm.* v. *Mayor, etc.*, 43 N. Y. 184; *In re Perry*, 5 Misc. Rep. 149; *Scholey* v. *Mumford*, 60 N. Y. 498; *Tripler* v. *Mayor, etc.*, 125 N. Y. 617; 139 N. Y. 1.) The board of supervisors may refund the amount collected of any tax illegally or improperly assessed or levied, and, on the order of the County Court, it shall refund any such tax. (L. 1892, ch. 686, § 16; *In re B. M. G. L. Co.*, 144 N. Y. 228.) Not until an application to the board of supervisors has been made, can the county judge make any order on the subject. (*In re Gilloren*, 16 Misc. Rep. 130.) The question of voluntary or involuntary payment is not presented. Any tax paid upon an illegal assessment must be refunded by the supervisors. (L. 1892, ch. 686, § 16; 144 N. Y. 228; *Tripler* v. *Mayor, etc.*, 125 N. Y. 617; 139 N. Y. 1.) Our application is made under a special statute, and if we bring ourselves within its provisions, we are entitled to its benefits. (*Vaughan* v. *Vil. of Port Chester*, 6 N. Y. S. R. 681.) The county treasurer, in our case, applied chapter 107, Laws of 1884, an act to collect unpaid taxes, with full force, sold our farm three times, delivered

two tax deeds and denied our application to cancel the sales. (*Vaughan* v. *Vil. of Port Chester*, 6 N. Y. S. R. 681; *Scholey* v. *Mumford*, 60 N. Y. 498.)   The tax title given by the county treasurer was maturing each day against the property and would eventually result in a final order vesting the fee of the land in the purchaser. (L. 1884, ch. 107, § 17; *Kinnier* v. *Rogers*, 42 N. Y. 531; *Correll* v. *Lauterbach*, 12 App. Div. 531; *Lindo* v. *Murray*, 91 Hun, 335; *Smith* v. *Chase*, 90 Hun, 99; *In re Perry*, 5 Misc. Rep. 149; *Becker* v. *Becker*, 77 N. Y. S. R. 17.)   The title to the share of Charles Wilcox was vested in the executors, as trustees, with power of sale, until Charles Wilcox was twenty-five years of age. (*Benedict* v. *Arnoux*, 7 App. Div. 1; *Holly* v. *Hirsch*, 135 N. Y. 590; *Foote* v. *Bruggerhoff*, 32 N. Y. Supp. 307.) There was no proof that this trust estate had expired or had been in any manner defeated. (*Smith* v. *F. T. F. Co.*, 17 Misc. Rep. 311; *Foote* v. *Bruggerhoff*, 32 N. Y. Supp. 397.) The executor does not pay taxes; but when he is the trustee of a share and has a duty to sell real estate and distribute avails it then becomes his duty to pay taxes to preserve the estate. (*In re Selleck*, 111 N. Y. 284; *In re Perry*, 5 Misc. Rep. 149.)   It is not necessary that both parties named in the will should join in the petition. (*Moore* v. *Willett*, 2 Hilt. 522; *Bannon* v. *McGrane*, 13 J. & S. 517; *Cheney* v. *Beals*, 47 Barb. 523; *Bright* v. *Currie*, 5 Sandf. 433; *Thompson* v. *Whitmarsh*, 100 N. Y. 35; *Buckland* v. *Gallup*, 105 N. Y. 453.)   One executor may remain passive and leave the administration in the hands of his co-executor. (*White* v. *Bullock*, 20 Barb. 91; Code Civ. Pro. § 1818; *Correll* v. *Lauterbach*, 12 App. Div. 531.)   Payment to an officer who has a valid warrant for the collection of the tax, and who threatens to execute the same, is not a voluntary payment. (*Bruecher* v. *Vil. of Port Chester*, 101 N. Y. 240; 45 N. Y. 676; 87 N. Y. 452; 83 N. Y. 100; 18 Am. & Eng. Ency. of Law, 218; *Briggs* v. *Boyd*, 56 N. Y. 289; *Quincey* v. *White*, 63 N. Y. 370.)   The case at bar is a special proceeding commenced by verified petition and order to show cause to enforce

section 16, chapter 686, Laws of 1892, known as the County Law, and decisions of the courts in common-law actions to recover the amount of taxes paid do not apply. (*In re B. M. G. L. Co.*, 144 N. Y. 228; *Ætna Ins. Co.* v. *Mayor, etc.*, 7 App. Div. 145; *Mason* v. *Prendergast*, 120 N. Y. 536; *Horn* v. *Town of New Lots*, 83 N. Y. 100; *Bruecher* v. *Vil. of Port Chester*, 101 N. Y. 240; *Tripler* v. *Mayor, etc.*, 125 N. Y. 617.)

O'BRIEN, J. The petitioner in the above proceeding is the executor of the will of Lydia M. Wilcox, who died in the year 1890. A part of the property disposed of by the will consisted of a farm of one hundred and thirty-one acres. There was no specific devise of the farm, but the testatrix gave various pecuniary legacies to her children, amounting in the aggregate to about $12,000. She then devised and bequeathed the residue and remainder of her estate, real and personal, to her eight children by name, to be equally divided between them, but the residuary share of one of them was in trust to the executors until the child arrived at the age of twenty-five years, and the executors were authorized in the meantime to expend such portion of the share for the support and maintenance of the beneficiary as might be necessary. A general power of sale was given to the executors to sell any or all the real estate at discretion. For five years after the death of the testatrix the farm was assessed by the assessors of the town where it was situated to the " Estate of Mrs. L. M. Wilcox," except in the year 1892 it was was assessed to " Heirs L. M. Wilcox." In the years 1892, 1893, 1894 and 1895 the farm was sold by the county treasurer for non-payment of general taxes levied by the board of supervisors upon the assessments above described. The land was purchased upon each of these sales by the same persons and at least two conveyances delivered to the purchaser by the treasurer.

In the year 1896 the executor desired to dispose of the farm, and a purchaser was ready to buy it, but on examination of the abstract of title he refused to take it unless the taxes

were paid and the apparent cloud removed. The executor then, upon notice to the purchaser at the tax sale, applied to the county treasurer under chapter 107, Laws 1884, § 23, to cancel the sales on the ground that the assessments were void and the application was refused. In the year 1896 he presented a petition to the board of supervisors of the county, under chapter 686 of the Laws of 1892, § 16, asking that the taxes and expenses which he was compelled to pay, amounting to $287.07 with interest, be refunded. This application was refused, although it appeared that the petitioner had paid the taxes in order to make sale of the land under the power contained in the will.

The executor then brought this proceeding by petition to the County Court for an order directing the board of supervisors to refund the amount so paid on account of the taxes referred to. The application was denied, apparently upon the ground that the executor was not obliged to pay the taxes, and hence his action in that respect was voluntary, and that in such cases the party making the payment had no right to have the money refunded. The Appellate Division has reversed the order of the County Court and granted the relief prayed for in the petition. That the assessments were void and the tax sales made under their authority a nullity is not seriously denied by the learned counsel who has argued in support of the appeal.

But by ch. 107, § 10, of the Laws of 1884, which is applicable to the county of Monroe, the deed given at the sales is made conclusive evidence of the regularity of the sale and presumptive evidence of the regularity of the previous proceedings.

This is not a common-law action to recover an illegal tax paid under duress in law or in fact, nor is it an action in equity to remove a cloud upon title. The former action generally requires proof of duress of some kind and in some degree, and the latter is based upon the theory that the incumbrance does not appear upon its face to be void, but requires extraneous evidence to show that it is void in fact. This is a pro-

ceeding under a special statute which confers power upon the supervisors to refund to any person the amount of an illegal tax collected from him, and upon the county judge power to direct that it be refunded in case the board refuse or neglect to perform the duty implied in the statute. (*Matter of Buffalo M. Gas L. Co.*, 144 N. Y. 228.)

There are two questions which have been discussed at considerable length by counsel that do not appear to us to be of much importance in the disposition of this appeal: (1) Whether the payment of the taxes in question by the executor was voluntary or under compulsion or duress. (2) The duty or obligation of the executor to pay the taxes as the representative of the estate or under the power of sale or as trustee under the trust of the share of one of the children.,

Whatever the interest of the executor was in the real estate or whatever the nature of the trust, it is quite clear that he stood in such relation to the property as warranted him in paying the taxes under the circumstances; and, upon any accounting with respect to the proceeds of the sale, he could, we think, properly insist upon being allowed for what he had thus paid.

With respect to the other question, all that the statute requires a party who makes such an application to the supervisors to show is that the county, through its proper officer, had collected from him a tax illegally or improperly assessed or levied. It would not be very difficult to show that the payment in this case was compulsory; but whether it was or not, the executor had the right to have the money refunded, since the statute was intended for the benefit of a party who pays an illegal tax voluntarily, as well as one who pays under what the law terms duress.

This proceeding was not governed by the technical rules that apply to actions at law to recover money voluntarily paid, or to suits in equity to remove a cloud upon title. The statute furnishes a convenient and summary remedy which enables the county to restore, without litigation or expense, what it ought not to retain; and a citizen who has paid an illegal tax,

without waiting to have his property advertised and sold, to obtain justice.

The benefits of the statute are not confined to parties who have paid an illegal tax upon compulsion, but extend to all persons who have paid taxes that they were not legally bound to pay.

It is said that the petitioner has proceeded under the wrong statute; that he should have procured the sale to be canceled under the local statute (Ch. 107, Laws of 1884), and not have applied under section sixteen of the County Law. The former statute was intended mainly to enable a purchaser who had purchased land upon an illegal sale to withdraw from the transaction and have the purchase price refunded to him after the sale had been canceled. The latter is a general law for the benefit of any one from whom an illegal tax has been collected. There is no conflict between the two statutes. The petitioner did proceed under the local statute and failed to obtain the relief. This did not preclude him from making application to the board of supervisors. The former application was not a bar to the latter. Moreover, it does not appear that any such point was raised or considered below.

The application of the taxpayer to the board of supervisors and the county judge is informal, and not governed by any established rules of procedure.

We think the order appealed from was right and should be affirmed, with costs.

All concur.

Order affirmed.