In the Matter of the Application of FRANK McCUE, Appellant, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF MONROE, Respondent.

1. TAXATION — ASSESSMENT AGAINST ESTATE.  An assessment of land for taxation in the name of the "estate" of a certain person, without any qualifying or additional description, is void on its face.

2. VOLUNTARY PAYMENTS.  A mere volunteer, having no interest in the property, who pays state and county taxes upon assessments of real property void on their face, without any effort having been made to collect them, is not entitled to have the same refunded upon an application, in his own name, under section 16 of the County Law (L. 1892, ch. 686), as the section does not apply to taxes voluntarily paid, but to those collected under compulsion of law.

*Matter of McCue* v. *Board of Supervisors*, 45 App. Div. 406, affirmed.

(Argued February 27, 1900; decided March 13, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

December 22, 1899, reversing an order of the Monroe County
Court directing the board of supervisors of that county to·
refund certain taxes alleged to have been illegally assessed.

The nature of the proceeding and the facts, so far as mate-
rial, are stated in the opinion.

*Delbert A. Adams* for appellant.   The assessments are.
void and petitioner is entitled to have the tax erroneously paid
refunded.   (*Trowbridge* v. *Horan,* 78 N. Y. 439; *Cromwell*
v. *MacLean,* 123 N. Y. 474; *Matter of Adams,* 154 N. Y.
619; L. 1892, ch. 686, § 16; *Tripler* v. *Mayor, etc.,* 139 N.
Y. 1; *Matter of Kenny,* 23 Misc. Rep. 9; *People ex rel.* v.
*Lorillard,* 135 N. Y. 285; *Matter of McPherson,* 104 N. Y.
306; *People ex rel.* v. *Common Council,* 140 N. Y. 300;.
*Thacher* v. *Bd. Suprs.,* 21 Misc. Rep. 271; *Ætna Ins. Co.*
v. *Mayor, etc.,* 7 App. Div. 145.)

*P. Chamberlain* and *Samuel P. Moore* for respondent.
The petitioner had no cause of action.   The payment of a tax
upon its face void, or with knowledge of the facts rendering·
it so, and without coercion, is voluntary.   The tax so paid
cannot be recovered in an action or special proceeding.   (*Trip-
ler* v. *Mayor, etc.,* 125 N. Y. 617; *McKibbon* v. *Oneida·
County,* 25 App. Div. 361; *Matter of Baumgarten,* 39 App.
Div. 174; *Diefenthaler* v. *Mayor, etc.,* 111 N. Y. 331;.
*Bruecher* v. *Village of Portchester,* 101 N. Y. 240; *Jex* v.
*Mayor, etc.,* 103 N. Y. 536; *Matter of Adams* v. *Suprs.,* 154·
N. Y. 619.)

*Per Curiam.*   This proceeding originated in an application
made to the County Court, under the County Law, to compel
the board of supervisors of Monroe county to refund taxes,
illegally assessed, but voluntarily paid.   (L. 1892, ch. 686,.
§ 16.)

In August, 1880, one Henry McCue, the father of the peti-
tioner, died, leaving a will by which he devised to his wife a.
house and lot in the village of Brockport, in said county.   For·
fifteen years thereafter said house and lot was annually assessed.

for state and county taxes to the "Estate of Henry McCue," without any qualifying or additional description. During this period the petitioner resided on the property with his mother, the owner and occupant, and although he had no pecuniary interest therein, and no attempt was made to compel payment, for nine successive years, beginning in 1887, he paid the taxes so assessed without complaint or question, so far as appears. In 1897 he applied to the board of supervisors to refund the amount so paid by him upon the ground that the assessments, made simply in the name of his father's estate, were illegal, and that he was entitled, under the County Law, to have the same repaid. No claim was made that the taxes in question were excessive or in any respect unjust. The application was denied, and thereupon he applied to the County Court upon a petition signed by him only, setting forth the foregoing facts in substance, for an order compelling the board of supervisors to refund to him the amount so paid, with interest and costs. The board resisted the application, but it was granted as to all the taxes paid within ten years before the commencement of the proceeding, and denied as to the remainder. The order of the County Court was reversed by the Appellate Division, one of the justices dissenting, and the petitioner appealed to this court.

Both parties concede that the assessments in question were void upon their face, and the concession is well founded. (*Trowbridge* v. *Horan,* 78 N. Y. 439; *Cromwell* v. *MacLean,* 123 N. Y. 474.) The appellant contends that, according to the County Law and a recent decision of this court relating thereto, the action of the County Court was right and should be sustained. (L. 1892, ch. 686, § 16; *Matter of Adams,* 154 N. Y. 619.) The respondent insists that neither the statute nor the decision relied upon by the appellant applies to this case, and that the order of the Appellate Division reversing that of the County Court should be affirmed.

Said statute authorizes the board of supervisors of any county to "correct any manifest clerical or other error in any assessment or returns made by any one or more town officers

to such board, or which may, or shall have properly come before such board for its action, confirmation or review; and cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied, and upon the order of the County Court, it shall refund any such tax."

The petitioner paid said taxes as a mere volunteer, for he had no interest to protect and no obligation to discharge. The assessments were void upon their face and no effort was made to collect them. It does not appear that he paid at the request of the owner, and the presumption which might otherwise arise in that regard is precluded by the fact that he applied for restitution simply in his own name. The section quoted does not apply to taxes voluntarily paid, but to those collected under the compulsion of law, as was the case in the *Matter of Adams (supra)*, where the land assessed had been sold for non-payment of the taxes there involved. Neither the statute nor the authority invoked by the appellant has any application to this case, and the order appealed from should, therefore, be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.

Order affirmed.