(40 Misc. Rep. 42.)

### PLATT v. VILLAGE OF ONEONTA.

(Supreme Court, Trial Term, Otsego County. February, 1903.)

1. MUNICIPAL CORPORATIONS—ASSESSMENT—INVALIDITY—REMOVAL OF IMPROVEMENT.

The grantee of an abutting lot resisted an assessment proper in amount for a flag sidewalk in the village, because made against the estate of her grantor, and the assessment was held void and never collected in any way. The village by its charter was charged with the care of the village

81 N.Y.S.—11

property, and empowered to lay sidewalks and levy assessments. *Held*, that it could remove the sidewalk.

Action by Catherine E. Platt against the village of Oneonta. Complaint dismissed.

J. Lee Tucker (Albert C. Tennant, of counsel), for plaintiff.
D. W. Miller, for defendant.

FORBES, J. This action is for damages claimed to have been sustained by the plaintiff in the taking up and removal of a stone sidewalk, under the direction of and laid by the defendant on the southerly side of Chestnut street, in said village, under a resolution passed by the trustees of said village, June 20, 1898. At the time this sidewalk was laid Andrew H. Platt was the owner and in possession of said premises. He subsequently died without having paid his proportionate share of the cost for laying said walk. After his death his executors, on February 16, 1899, conveyed to the plaintiff the premises in question. The deed contained the following clause: "The same is conveyed subject to any claim the village of Oneonta may have against said land for sidewalk taxes or assessments."

After the death of said Andrew H. Platt the trustees of the defendant sought to levy and enforce against said premises two-thirds of the cost for the construction of said walk by taxation. The assessment, however, was made and entered upon the tax roll against the "Platt Estate." The actual amount assessed by the defendant as owing by said Platt was the sum of $115.67, as is shown by the assessment roll. A controversy arose over the legality of the assessment, levy, and enforcement of said tax. The objection was raised that the assessment was void, upon the ground that the defendant did not acquire jurisdiction over the property assessed, nor of the person against whom said tax was sought to be levied.

After the plaintiff went into possession of said property she refused to pay said tax, nor did she in any manner recognize the validity of the same. Notice was duly given to plaintiff that unless the tax so levied was paid the defendant would remove said walk. This walk was clearly within the line of the street, and ran along and upon the plaintiff's premises on Chestnut street 263½ feet. Upon the refusal of the plaintiff to pay said tax the defendant, through its officers, and by a resolution duly passed and entered upon the records of said village, ordered the removal of the walk from plaintiff's premises in October, 1900, laying it upon another street in said village. These facts are undisputed and raise a novel question. At the close of the trial each side asked for the direction of a verdict in its favor. The jury was discharged, and the case was finally submitted to the court.

The original assessment and the tax were undoubtedly void. Matter of Chadwick, 59 App. Div. 334, 69 N. Y. Supp. 853; Matter of Adams v. Supervisors, 154 N. Y. 619, 49 N. E. 144; Matter of McCue v. Supervisors, 162 N. Y. 235, 56 N. E. 627, followed in Matter of Gardner, 167 N. Y. 621, 60 N. E. 1111; People ex rel. McHarg v. Gaus, 169 N. Y. 19, 61 N. E. 987. The plaintiff's counsel sought to avoid the question of the illegality of the assessment and

tax, but the question was raised by the pleadings, and the submission was made by the defendant upon that theory.

Under the defendant's charter, it is given full control of all streets and sidewalks in said village, together with the exclusive control and management of all the finances and property of said village. The defendant's charter of 1892, p. 11, § 26, reads as follows: "The board of trustees shall have the exclusive control and management of all the finances and property of the village and of the roads, streets, avenues, alleys and public places of the village." By subdivision 2, § 26 (p. 12), said village was "to provide for the care and custody of all property, records, books and papers of the corporation."

It is admitted by the pleadings that Chestnut street is one of the public streets of said village. It is undisputed that the materials used in the construction of said walk belonged to the defendant at the time this sidewalk was constructed.

Section 33, p. 22, of the charter provides:

"The expenses of grading all streets, not graded by the adjoining property-owners, or otherwise, shall be borne by the corporation. The expenses of any sidewalk, guttering and curbing shall be borne one-third by the corporation and two-thirds by the property-owners adjacent thereto, on the side of the street where the same is laid."

Section 34, p. 22, provides:

"The trustees shall decide when and where all public improvements shall be made and all work on streets, side and crosswalks, paving, sewers, drains, and all public works shall be done by and under the direction of the board of trustees, and when once completed shall each and all be kept in repair by the corporation at the public expense."

Section 36, p. 23, provides for the assessment of the expense for the construction of sidewalks; for the meeting of the board of trustees to hear grievances and objections to the assessments; and each party so assessed is given the privilege of paying the same within 30 days, without percentage for collection.

The evidence shows that after the sidewalk was completed notice of the assessment was duly given to the owner. The owner appeared, by counsel, and objected to the assessment, upon the ground that the assessment and the tax proposed to be levied were irregular and void. The evidence shows that these taxes remain unpaid, that the assessment roll was never corrected, and that no attempt was thereafter made to enforce the collection by or through the tax so levied, and that the assessment was not relevied nor carried into any subsequent tax roll, as the law requires. See 59 App. Div. 334, 69 N. Y. Supp. 853, and authorities supra.

The plaintiff on taking her title to said premises did not assume the payment of said tax, nor did she in any manner recognize its validity, nor was she in any manner bound by the assessment or tax. If I am correct in this construction, then there was no way left in which the defendant could enforce said tax against her or her property. I think the whole scheme of uniting in the construction and completion of sidewalks in said village was so far in the nature of a contract with the village that the property owners were to assent to and to contribute two-thirds of the cost of said construction. Had

the assessment and tax levied been acquiesced in instead of repudiated by the owner, the defendant might be in a position to recover against the property owner. The power and authority given to the defendant to construct and complete said sidewalk gave to it an implied authority to remove the same and reclaim its property, in case the owner repudiated the benefit which would accrue to him upon the completion of said walk. Attorney General v. Boston, 142 Mass. 200, 7 N. E. 722. Having the exclusive right to enter upon the street for the purpose of laying the walk and completing the same, I do not think the defendant lost control of or dominion over its property by placing the same upon the street.

The trustees, under the charter, were bound to preserve the property of the village, and would have no right to give it away or to release it to an adjoining owner without compensation. It is a principle of the common law that an individual or a corporation may reclaim and take its property in whosesoever hands it may be found, if it can be done without a breach of the peace. The defendant had the right to build or to refuse to build a walk. The defendant's charter must be given a fair and favorable construction for every beneficial purpose. Charter, p. 37, § 78, subd. 3.

I do not think it can be successfully contended that the plaintiff can repudiate her liability to contribute to the completion of said walk and at the same time retain the benefits of such construction, in defiance of the rights of the village and its other taxpayers. Justice at least requires that the title to the property should remain in the defendant. It is conceded that the cost of the walk at the time of its completion was $175. I have been unable to find, nor has my attention been called to, any adjudicated case in this state in which this question has been raised. The complaint must therefore be dismissed, and judgment is directed for the defendant, with costs.

Complaint dismissed, and judgment directed for defendant, with costs.