(72 Misc. Rep. 413.)

PEOPLE ex rel. GLEN HEAD REALTY CO. et al. v. GARLAND et al.

(Supreme Court, Special Term, Nassau County. June, 1911.)

1. TAXATION (§ 496*)—ASSESSMENTS—REVIEW—CERTIORARI.

A motion to quash a writ of certiorari to review an assessment will be denied, where it was made after the return was filed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 904; Dec. Dig. § 496.*]

2. TAXATION (§ 483*)—ASSESSMENT—OBJECTIONS—WAIVER OF VERIFICATION.

Tax assessors waive the verification by receiving unverified objections and acting thereon.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 483.*]

3. TAXATION (§ 496*)—ASSESSMENTS—REVIEW—CERTIORARI.

Certiorari to review the question of the jurisdiction of assessors to make assessments may be maintained without the filing of objections with the assessors.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

4. TAXATION (§ 362½*)—ASSESSMENT—SETTING ASIDE—EFFECT.

Where taxes against property for certain years were canceled by judgments of a court of competent jurisdiction, the effect of the judgments was to wipe from the rolls all assessments for taxes and to leave nothing thereon to correct or reassess.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 362½.*]

5. MUNICIPAL CORPORATIONS (§ 971*)—ASSESSMENT—REASSESSMENT.

Where taxes against certain persons for certain years are canceled by judgment, the village assessors are without jurisdiction, in making up the assessment roll for a subsequent year, to reassess the persons for the taxes of the years affected by the judgment without notice to them or an opportunity to present their objections, under Tax Law (Consol. Laws 1909, c. 60) § 290.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 971.*]

6. TAXATION (§ 362½*)—ASSESSMENT—REASSESSMENT.

Tax Law (Consol. Laws 1909, c. 60) § 34, relating to the assessment of omitted property, does not provide for a new assessment in case of an assessment canceled by the judgment of a court of competent jurisdiction, nor for any assessment without notice to the party sought to be taxed or opportunity given to be heard in reference thereto.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 602; Dec. Dig. § 362½.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. MUNICIPAL CORPORATIONS (§ 971*)—TAXATION—REASSESSMENT—VILLAGE ASSESSORS.

    Tax Law (Consol. Laws 1909, c. 60) § 57, authorizing the county supervisors, after notice and hearing objections of any taxpayer, to make a new assessment, where an assessment has been declared illegal by a court of competent jurisdiction, does not apply to village assessors.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 971.*]

Certiorari by the People, on the relation of the Glen Head Realty Company and another, against Frederick J. M. Garland and others, to review an assessment. Motion to quash writ of certiorari denied.

James W. Hyde, for relators.
Towne & Spellman, for respondents.

ASPINALL, J. [1–3] The motion made upon the argument before me to quash the writ of certiorari is denied, for the reason, first, that it was made after the return was filed; second, that the assessors waived the verification by receiving the relators' unverified objections and acting upon the same; and, third, that a writ of certiorari to review the question of the jurisdiction of assessors to make assessments may be maintained without the filing of objections with the assessors. See Matter of State of New York v. Sloat, 116 App. Div. 815, 102 N. Y. Supp. 1; People ex rel. Eckerson v. Christie, 115 N. Y. 158, 21 N. E. 1024; People ex rel. N. Y. C. & H. R. R. R. Co. v. Keno, 61 Misc. Rep. 345, 114 N. Y. Supp. 1094.

[4] As to the merits of this application I have this to say: The taxes against the relators or their property for the years 1908, 1909, and 1910 were canceled by the judgments of a court of competent jurisdiction. The effect of these judgments was to wipe from the assessment rolls of those years all assessments for taxes against the relators and to leave nothing thereon to correct or to reassess.

[5] In the assessment roll for the year 1911 the assessors have attempted to reassess the relators or their property for the taxes of the years 1908, 1909, and 1910, without giving notice to the relators or affording them any opportunity to present their objections to the same. The assessment rolls for the years 1908, 1909, and 1910 were not before these defendants, the assessors for the year 1911, and it is clearly obvious that the relators could not present to these assessors for the year 1911 the objections which section 290 of the tax law permits, to wit, that their 1908, 1909, and 1910 assessments were unequal, in that they had been made at a higher proportionate valuation than the assessment of other property on the same roll, or any other valid objections to the same.

The effect of these reassessments, therefore, if allowed to stand, will be to assess the relators for the taxes of 1908, 1909, and 1910 without affording them any opportunity to present their objections or to be heard in relation to the same. This cannot be done. See Matter of Douglas v. Board of Supervisors of Westchester Co., 172 N. Y. 309, 65 N. E. 162.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[6] This case to which I have just referred and cited was decided by the Court of Appeals in the year 1902 after the decision of the Appellate Division of the Third Department in Matter of Chadwick, 59 App. Div. 334, 69 N. Y. Supp. 853, and decided in the year 1901, on which the respondents rely in this matter. In the Chadwick Case the assessment under consideration had not been canceled by a court of competent jurisdiction, and section 34 of the tax law does not provide for a new assessment, or for a reassessment of an assessment canceled by the judgment of a court of competent jurisdiction, and cannot, in any possible manner, be construed as authorizing an assessment for taxes without any notice to the party sought to be taxed or any opportunity being given to be heard in reference to the same.

[7] Section 57 of the tax law, which provides that the board of supervisors of a county, after giving notice and after hearing objections of any taxpayer, may make a new assessment of an assessment which has been declared illegal by a judgment of a court of competent jurisdiction, cannot be extended, and does not in any way apply, in my opinion, to village assessors.

The motion, therefore, to quash the writ hereby is denied, and an order may be entered directing the striking from the assessment roll of the year 1911 the reassessments against the relators' property for the years 1908, 1909, and 1910, with costs against the village of Sea Cliff.

Motion denied.