PERRY WOOD *vs.* STEPHEN TORREY, administrator.

A town collector cannot maintain an action against the administrator of the estate of one deceased for the amount of a tax on personal property assessed to the " estate of" the deceased after the date of the administrator's appointment.

CONTRACT for the amount of state, county and town taxes assessed in the valuation and assessors' list of Mendon for the year 1864 on the personal estate which was of Benjamin Davenport, the defendant's testator.

In the superior court the facts were agreed and judgment was entered for the plaintiff, and the defendant appealed to this court. The following is a copy of so much of the valuation list as relates to said tax, the other facts being sufficiently stated in the opinion.

| Names. | Descripton of Real Estate. | True Value. | Reduced Value. | Tax on Real. | Description of Personal Estate. | True Value. | Reduced Value. | Personal. Tax on | Total. |
|---|---|---|---|---|---|---|---|---|---|
| Estate of Benj'n Davenport. | 2-10 Parsonage. | $200 | $200 | $1.86 | Money. | $4,200 | $4,200 | $39.06 | $40.92 |

*H. B. Staples & W. F. Slocum,* for the plaintiff. The Gen. Sts. *c.* 11, § 12, *cl.* 7, must be construed in conformity with the general policy of the law that all property not specially exempted shall be subject to taxation. *Smith* v. *Northampton Bank,* 4 Cush. 1. That part of the clause providing that after the appointment of an executor or administrator the tax shall be assessed to him, is directory only and does not render illegal a tax continued in general terms to the estate of the deceased. *Tyler* v. *Hardwick,* 6 Met. 474. *Hardy* v. *Yarmouth,* 6 Allen, 277. The assessors may continue to assess the tax in general terms to the estate of the deceased until they in fact know of the appointment. *Furlong* v. *Leary,* 8 Cush. 409. If other grounds fail, this may be treated as an error in the name of the person taxed, under Gen. Sts. *c.* 12, § 6. *Tyler* v. *Hardwick, ubi supra.* *Sargent* v. *Bean,* 7 Gray, 125. *Trustees of Greene Foundation* v. *Boston,* 12 Cush. 56. Under Gen. Sts. *c.* 12, § 20, the executor or administrator is liable for any tax lawfully assessed on the estate of a deceased person, whether set in terms to him or not.

*F. Deane,* for the defendant. The Gen. Sts. *c.* 11, § 53, provide a remedy for errors or irregularities like this, by reassessment.

Hoar, J. This suit is brought by the collector of taxes of the town of Mendon, to recover of the administrator *de bonis non* with the will annexed, of Benjamin Davenport, a tax on personal property assessed to the "estate of Benjamin Davenport" in the valuation and assessors' list in that town for the year 1864; Mendon being the town in which the deceased last dwelt. There is no question before us that the personal estate in question was liable to taxation; and we have only to determine whether the form of assessment was such as to bind the defendant. It appears that in the valuation list, under the head of "Names," were the words "Estate of Benjamin Davenport;" and set against them a description of real estate, with its value and the tax assessed upon it; a description of personal estate, with its value and the tax assessed upon it; and a "Total," formed by adding the taxes on the real and personal estate, all in the same line.

By Gen. Sts. *c.* 11, § 12, it is provided that "the personal estate of deceased persons shall be assessed in the place where the deceased last dwelt. After the appointment of an executor or administrator, it shall be assessed to such executor or administrator until he gives notice to the assessors that the estate has been distributed and paid over to the parties interested therein. Before such appointment it shall be assessed in general terms to the estate of the deceased, and the executor or administrator subsequently appointed shall be liable for the tax so assessed in like manner as though assessed to him." By *c.* 12, § 20, it is provided that "when a tax is assessed upon the personal estate of a deceased person, the collector may maintain an action of contract therefor in his own name, as for his own debt, against the executor or administrator; and if a tax is so assessed before the appointment of an executor or administrator, he may enforce it against the estate and its representative after such appointment, in like manner as if the assessment had been made subsequently thereto."

We can find in these provisions no authority for assessing the

tax in general terms to the estate of a deceased person after the appointment of an executor or administrator; but the strongest implication to the contrary. The defendant was appointed administrator in 1863, and the assessment was made in 1864. He therefore comes within none of the exceptions to the general rule that taxes on personal property are to be assessed to the owners of the property, and can be collected only of the persons to whom they are assessed. It is suggested that the requirement of the statute that the tax shall be assessed to the executor or administrator after his appointment may be regarded as only directory. But it is to be observed that the only authority for assessing the tax to the estate of the deceased person is given before the appointment of an executor or administrator; and its only validity arises from the express provisions of the statute. *Cook* v. *Leland,* 5 Pick. 236.

It has been argued for the plaintiff that the assessment may be sustained by treating it as a case of error in the name of the person taxed, and so coming within Gen. Sts. *c.* 12, § 6, which in that case allows the tax to " be collected of the person intended to be taxed, if he is taxable and can be identified by the assessors." If that section could be considered applicable where no name is given, there is in the first place this difficulty in supporting this action upon it, that it is neither agreed nor found as a fact that the defendant was " the person intended to be taxed." On the contrary, the tax is included with the tax on the real estate, for which the defendant was not liable to assessment; which was to be assessed to the heirs or devisees of the deceased; and there is nothing to show that the taxes on the real and personal estate were not intended to be assessed to the same persons.

The tax not having been lawfully assessed, therefore, to the defendant, and there being no provision of law which authorizes its collection from him, there must be

*Judgment for the defendant.*