THE STATE ex rel. STOTTS, Collector, v. KENRICK
et al., Appellants.

### Division Two, February 12, 1901.

Taxes: NOT COLLECTIBLE AFTER FINAL SETTLEMENT:· HEIRS. An execu-
tor who has made final settlement and ·been discharged, can not be
held liable in his capacity as executor for taxes assessed against
the estate. Nor can such taxes be collected from the heirs or dis-
tributees, for the reason that they were assessed against the estate
of deceased, and suit for personal taxes can be maintained only
against the owner of the personal property, and then only when
the taxes were assessed against him.

Appeal from Mississippi Circuit Court.—*Hon. Henry C.
Riley,* Judge.

REVERSED.

*Russell & Deal* for ·appellants.

(1)   The judgment against George Kenrick, as executor,
was improper, as he had made final settlement of the estate,
distributed the assets and been discharged a year before this
suit was filed.   (2) If the estate was liable for these taxes,
the bill should have been allowed against the estate.   Sec.
9246, R. S. 1899.   But it was not allowed, nor presented to
the executor before he had, upon the order of the court, paid
out all the funds of the estate.   It is admitted that neither
was done.   This assessment was against the estate of George
Kenrick, only, not ·against the executor; and suit could not be
brought against him personally.   Sec. 9246, R. S. 1899.   (3)

It is admitted· in the agreed facts that this ·assessment was made against the estate of George Kenrick, only. No lien is claimed against the specific property. The distributees did not take this property burdened with a lien, neither did they owe the debt, and a personal judgment can not properly be rendered against them. A personal judgment for taxes could not be rendered until the act of 1887, and it only authorized judgment against the party assessed. State ex rel. v. Hoyt, 123 Mo. 356. ·(4) The levying ·and collecting of taxes is a matter solely of statutory creation, and no means can be resorted to to coerce their payment except such methods as are pointed out by the statute. State ex rel. v. Snyder, 139 Mo. 549.

*Boone & Lee* and *H. C. O'Bryan* for respondent.

BURGESS, J.—This suit is prosecuted by the plaintiff as collector· of the revenue of Mississippi county, against George Kenrick, who had been executor of the estate of his father, George Kenrick, deceased, and Albert Kenrick, George Kenrick, William Kenrick, Emma Wilson and Annie Burrough, the heirs at law of said George Kenrick, deceased, for back taxes ·alleged to be due by the Kenrick estate.

The petition alleges that in 1894 George Kenrick died, leaving a large estate in the county of Mississippi. That he executed a will which was duly probated, in which he appointed his son George Kenrick, Jr., his executor, who duly qualified as such, and that $4,400, being the personal assets of the estate, were received by him. That the taxes assessed against said executor for the year 1896, amounted to the sum of $70.30, which were past due and unpaid.

The petition further ·alleges that in September, 1896, the said executor made final settlement of said estate, and distri-

buted all of the assets in his hands as executor in equal parts
to the legal heirs of said deceased.    It then asks for personal
judgment against the defendants.

George Kenrick, for separate answer, admitted that he
had been the duly qualified executor of George Kenrick, de-
ceased, and on June 1, 1895, had in possession the assets of
said estate, but that he afterwards gave due notice of his inten-
tion to make final settlement, and at the September term,
1896, made final settlement, and was ordered and required
by the probate court to distribute to the heirs and legatees all
the assets of said estate, and that he did pay same out and now
has no assets of the estate in his hands.    That the said claim
was never presented to defendant nor to the probate court for
allowance.

Albert Kenrick, William Kenrick, Emma Wilson, Annie
Burrough and Frank E. Burrough, answered by way of gen-
eral denial.

The case was submitted on the following agreed state-
ment of facts:

"It is agreed by the parties that George Kenrick, as exec-
utor, had in his possession at the days charged in the petition,
viz., June 1, 1895, to September 1, 1896, the amount of per-
sonal property assessed belonging to the estate of George W.
Kenrick, deceased; that the defendants are heirs and dis-
tributees of the estate of the said George W. Kenrick; that
the assessment and levy of the taxes and all other steps in rela-
tion thereto were regular, and that plaintiff, Stotts, is the
collector.    That George Kenrick was executor of the will of
George W. Kenrick, and made final settlement about Septem-
ber 1, 1896, after due and legal notice had been given, and
distributed all the assets belonging to the estate to the defend-
ants in equal parts, as ordered by the probate court; that the
taxes were not paid; that the amount claimed is the correct

amount, and regular in all respects, assessed against the estate of George W. Kenrick, only. That the collector never presented the claim for allowance against the estate; that no demand was made for the taxes claimed before final settlement, and that the tax books came into the hands of the collector after the final settlement and distribution, and demand was made before suit brought and soon after the books came into the hands of the collector."

The court gave judgment for $74.50 against all the defendants, and they appeal.

As the agreed statement of facts shows that the taxes sued for were assessed against the estate of George W. Kenrick, deceased, only, that the executor after giving due notice made his final settlement of the estate, and was discharged, we are unable to conceive upon what theory he can be held liable in his capacity as executor for the taxes due by the estate. After his discharge as executor he had nothing further whatever to do with the estate, his authority in that respect having ceased. He could no more be sued as executor of the estate than he could maintain an action as such in his capacity as executor.

Nor can the suit be maintained against the defendants as heirs of the estate against which the taxes were assessed, for the reason that it is only when taxes are assessed against the owner of personal property that a suit therefor may be maintained against him, and in this case the taxes were assessed against the estate of George Kenrick. Prior to the act of April 5, 1887, now section 9246, Revised Statutes 1899, there was no authority in this State for obtaining a personal judgment against a person for taxes assessed against him on account of his personal property, and even in order that this may be done, the assessment of the taxes against him is a prerequisite. [Section 9246, *supra*.]

The judgment is reversed. *Sherwood, P. J.,* and *Gantt, J.,* concur.