No. 2562

## CRUMLEY v. FABBI

April 5, 1923.                              213 Pac. 1048.

1. PARTIES—INTERVENTION OF ONE CLAIMING OWNERSHIP OF THE PROPERTY PROPERLY ALLOWED IN SUIT TO COMPEL EXECUTION OF TAX DEED.

It is proper in suit to compel execution of a tax deed to allow intervention and determine the respective claims; the basis of the claims of both plaintiff and intervener being ownership of the property sold at tax sale.

2. APPEAL AND ERROR—NO REMAND REQUIRED BY CONFLICTING FINDINGS IN VIEW OF UNCONFLICTING EVIDENCE.

There being no conflict in the evidence or dispute as to the facts, conflicting findings on a fact do not require remand for a specific and unequivocal finding.

3. TAXATION—ASSESSMENT TO DECEDENT'S ESTATE GENERALLY VOID.

As a general rule an assessment to the "estate" of a decedent is void.

4. TAXATION—STATUTE DOES NOT ALLOW ASSESSMENT TO DECEDENT'S ESTATE.

Rev. Laws, 3629, providing that the undivided property of a decedent may be listed to the heirs, guardians, executors or administrators, as the case may be, and that the administrator shall be directed to pay out of the funds of the estate all taxes that have attached or accrued against it, does not so far change the rule of section 3624 that property shall be assessed to the owner as to allow assessment to decedent's "estate."

APPEAL from the Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by J. G. Crumley, in which Peter Fabbi intervened. From an adverse judgment, intervener appeals. **Reversed and remanded, with directions.**

*Frank T. Dunn* and *R. G. Taylor,* for Appellant and Intervener:

A legal assessment is an indispensable prerequisite to the validity of tax against any individual, for without valid assessment there can be no lawful attempt to collect tax or enforce it against any specific property. It must appear that person to whom property is assessed is owner thereof. To say that a person is assessed with property, without alleging that he was owner, amounts to no allegation at all, so far as a good cause of action is concerned. People v. De Carrillo, 35 Cal. 37.

"Property assessed in name of wrongful owner and sold for taxes carries no title or does not affect the title of real owner." Himielman v. Steiner, 38 Cal. 175; 101 Cal. 566; and note 2, L. R. A. 773.

Property cannot be assessed in names of deceased persons or their estates (3 Rev. Laws, 2984), but should be listed to heirs, guardians, executors, or administrators, and payment by them shall bind all parties for their equal proportions. Rev. Laws, 3629.

In tax sale, without judgment, any failure in preliminary steps renders sale void. State v. W. U. Tel. Co., 4 Nev. 347; Ward v. Carson River Wood Co., 13 Nev. 59. There must be strict compliance with provisions of statute. 37 Cyc. 1281; Wren v. Dixon, 40 Nev. 199.

*W. R. Gibson,* for Respondent:

The intervener must have an interest in success of one of the parties against the other, or an interest against both. Harlan v. Eureka M. Co., 10 Nev. 92. An intervener must take the case as he finds it (20 R. C. L. 692), and is estopped to aver anything to the contrary. 10 R. C. L. 675. A public officer making a return of his doings on a writ shall not be allowed to gainsay the truth of it. 22 R. C. L. 474.

A purchaser at tax sale has property interest in such property sold and cannot be divested by any act of a stranger or intruder. Byington v. Bookwalter, 74 Am. Dec. 279.

The only persons, other than occupant, entitled to redeem from tax sale are such as claim in good faith a substantial interest in premises. 21 Ency. Pl. & Pr. 482, note; People v. Campbell, 143 N. Y. 335; Halsted v. Buster, 104 U. S. 273; Parsons v. Prudential R. E. Co., 125 N. W. 521.

It is taxpayer's duty to call assessor's attention to any mistake in statement. Not having done so, he will not be permitted to take advantage of his own wrong. State v. D. V. L. S. & L. Co., 21 Nev. 93.

Any irregularity in delinquent tax roll is defense in

action to recover taxes only to extent that party has been injured thereby. State v. Sadler, 21 Nev. 17; State v. Northern Belle M. Co., 15 Nev. 386.

The burden of proving nonexistence of relation of landlord and tenant is upon intervener to establish beginning of period of adverse possession claimed. Rev. Laws, 4961; 16 R. C. L. 662–664; McDonald v. Fox, 20 Nev. 364; Small v. Robbins, 33 Nev. 304.

By the Court, COLEMAN, J.:

The essential facts of this case are few. Early in the year 1918, Tony Gelsomino, who was then and for a long time prior thereto had been, the owner of the property in question in this case, died. In May or June of that year an administrator was appointed to administer his estate. In the following December the property was sold by the administrator, pursuant to an order of court, to Peter Fabbi, who ever since has held possession thereof and claimed to own the same. The county treasurer of Nye County, in which the property was situated, claiming that the property had been assessed for taxation for the year 1918, and that default had been made in the payment of the same, advertised and sold it as the property of Tony Gelsomino, the plaintiff becoming the purchaser. Within the period of redemption, Frank Cocca, who had no interest in the property, tendered to the county treasurer, for the purpose of redeeming from said tax sale, the amount necessary to effectuate such redemption, which was accepted as such redemption money. When the time for redemption had expired, the plaintiff, claiming that Cocca was a stranger to the title, that he had no right or authority to redeem, and that the reception of the money by the treasurer did not, in legal effect, result in such redemption, demanded of said officer a tax deed to the property in question. The treasurer refusing to execute such deed, this action was commenced to compel the execution and delivery thereof, Cocca being joined as a party defendant. Within due time Peter Fabbi filed his petition in intervention, which the trial court granted.

Thereafter, plaintiff made a motion to strike the complaint in intervention, which was denied. Upon the trial, judgment was rendered in favor of the plaintiff, from which an appeal was taken.

1. The first point we will consider is the contention of the respondent that the trial court erred in denying his motion to strike the complaint in intervention. We will not consider certain objections of the appellant to the method of attack upon the intervention proceedings made by the plaintiff, but dispose of the question upon its merits. In support of his contention that the complaint in intervention should have been stricken, counsel says:

"The only question involved was the act of Frank Cocca in attempting to redeem a valid act of redemption. The intervener does not seek to litigate any other proposition than that of adverse possession, of himself against the plaintiff."

We take it that there is a typographical error in the first sentence and that counsel meant to say that the only act in question was the attempt of Cocca to redeem from a valid tax sale. With this qualification, we will consider the matter upon the premise stated by the plaintiff.

Plaintiff argues in support of his premise that Fabbi had no interest in the property entitling him to intervene, and, secondly, that by his complaint he changes the character of the action.

We do not think there is any merit in counsel's position. If Gelsomino were, in fact, alive, and the assessment, sale, and attempt at redemption had been made as set forth, no one would say that he could not intervene alleging title in himself, as the intervener has done. By the sale of the property in question by the administrator of Gelsomino's estate, Fabbi stepped into the shoes of Gelsomino. He became the owner of the property, subject only to the claim of the plaintiff, and can plead any facts which would have been available to Gelsomino. By his complaint in intervention he was seeking to prevent the cutting off of the title he has

by what he claims is an invalid tax sale. The only issue in the case is the ownership of the property. That is the basis of the plaintiff's claim, and it is the basis of the intervener's claim. It was certainly proper for the court to determine the respective claims. 20 R. C. L. p. 687, sec. 26; Faricy v. St. Paul Society, 110 Minn. 311, 125 N. W. 676. The court did not err in refusing to strike the complaint in intervention.

2, 3. This brings us to a consideration of the merits of the case. While several propositions of law are urged, we need dispose of but one of them: Was the tax sale based upon a valid assessment? It is asserted by the appellant that the property was assessed to "the estate of Tony Gelsomino," and that such an assessment is absolutely void, and cannot be the basis of a valid tax title. In disposing of this question we are confronted with a situation hard to understand, which is as to the findings made by the trial judge on this point. On March 3, 1922, he filed a written opinion in the case, in which he says:

"The assessor seems to have been on the alert, as the property on Main Street (the property in question) was entered for taxes under the 'Estate of Tony Gelsomino' for the years 1918, 1919, and 1920, which was entirely proper for the year 1918."

Thereafter, and on March 10, 1922, said judge made and filed his formal findings of fact, in which he referred to his written opinion, relative to which it is said, "which is made a part hereof," in which formal findings of fact he finds that the property in question was for the year 1918 "assessed against Tony Gelsomino." Thus it will be seen that the trial court made diametrically conflicting finding of fact upon a vital point.

This court has upon numerous occasions pointed out the importance of unequivocal, specific findings of fact, and has condemned loose, ambiguous findings from which it was almost impossible to determine just what facts were in reality determined by the trial court. A trial court should be able to make its formal findings

clear without undertaking to make its opinion a part thereof. We entertain great hope that the evil complained of is a thing of the past. If the evidence upon the point were conflicting it would probably be necessary for a remanding of the case for a specific and unequivocal finding upon the question presented, but it seems that there is in reality no dispute as to the facts. The deputy county treasurer was called as a witness, and produced the assessment roll, which shows that the property in question was assessed for the years 1918, 1919, and 1920 to the estate of Tony Gelsomino. The trial court in its written opinion, in passing upon the motion for a new trial, disposes of the same entirely upon the theory that the property was assessed to the estate of Tony Gelsomino, and relied solely upon section 3629 of the Revised Laws of 1912 to support the view that such an assessment is valid. Even counsel for respondent does not contend that it is not the general rule that an assessment to the "estate" of a deceased person is void, but relies upon the position taken by the trial court in its opinion on the motion for a new trial. The general rule that an assessment to the "estate" of a deceased person is void is supported by an overwhelming weight of authority. A few of the authorities so holding are: McKie v. Brown, 199 N. Y. 71, 92 N. E. 131; Adams v. Board of Supervisors, 154 N. Y. 619, 49 N. E. 144; L'Engle v. Wilson, 21 Fla. 461; Territory v. Perea, 10 N. M. 362, 62 Pac. 1094; Miller v. Brooks, 120 Ga. 232, 47 S. E. 646; Jackson v. King, 82 Ala. 432, 3 South. 232; People v. De Carrillo, 35 Cal. 37; Wood v. Torrey, 97 Mass. 321; Fowler v. Campbell, 100 Mich. 398, 59 N. W. 185; State v. Kenrick, 159 Mo. 631, 60 S. W. 1063; Morrill v. Lovett, 95 Me. 165, 49 Atl. 666, 56 L. R. A. 634; Coles v. Jamerson, 112 Va. 311, 71 S. E. 618, 50 L. R. A. (N.S.) 407; 37 Cyc. 1007, n. 10.

4. We will now consider the proposition suggested by the trial court.

The portion of the statute relied upon reads:

"The undivided property of deceased and insane

persons may be listed to the heirs, guardians, executors, or administrators, as the case may be, and a payment of taxes made by either, shall bind all the parties in interest for their equal proportions. It is hereby made the duty of every district judge, from time to time, to direct each and every administrator, executor, and guardian * * * to pay, out of the funds of the estate, all taxes that have attached or accrued against such estate. * * * "

Section 3624 provides that the assessor shall assess all property to the person owning it. It is admittedly the rule in Nevada that the requirement of the statute as to the assessment of property for taxation and the sale thereof in the summary manner resorted to in the instant case must be strictly complied with, and that nothing will be presumed in favor of a sale made in such manner. State v. W. U. Tel. Co., 4 Nev. 347; Ward v. Carson River, etc., 13 Nev. 59; State v. Nev. Cent. Ry., 26 Nev. 365, 68 Pac. 294, 69 Pac. 1042. The case of State v. Sadler, 21 Nev. 13, 23 Pac. 799, has no application, as that was a suit to recover delinquent taxes, in which the parties were served with summons and had an opportunity to be heard in court. It being the general rule that all property must be assessed to the owner, does the qualification of that rule as provided by section 3629, as quoted, change the situation so far as the instant case is concerned? To what extent does that section modify the general provision of the statute? It simply provides that the undivided property of a deceased person may be assessed in one of several specific ways; namely, to the heirs, guardians, executors, or administrators, as the case may be. Was it assessed as provided in this section? Of course not. It is not even contended that it was. Then the assessment is void, for the reason that no authority is anywhere given for the assessing of property to the "estate" of a deceased person. We must presume that, if the legislature had intended to give authority for the assessment of property, as was done in this instance, it would have expressly said so, and, not having done

so, but having expressly enumerated one of several ways in which property might be assessed, every other manner of assessing is excluded under the maxim *"Expressio unius est exclusio alterius."* Ex Parte Arascada, 44 Nev. 30, 189 Pac. 619. The trial court, it is true, based its conclusion upon that portion of the section alluded to wherein it is provided that—

"It is hereby made the duty of every district judge * * * to direct each and every administrator * * * to pay, out of the funds of the estate, all taxes that have attached or accrued against such estate. * * * "

That provision is clear. The only trouble about it is that it does not in the least affect the situation in hand. No taxes had attached or accrued against the estate in question for 1918, because there had been no valid assessment.

For the reasons given, it is ordered that the judgment and order appealed from be reversed, and that the case be remanded to the trial court with directions to enter judgment for the intervener.