No. 25,600.

Roy H. Simmons et al., *Appellees,* v. John J. O'Connell et al., *Appellants.*

### SYLLABUS BY THE COURT.

Executors and Administrators—*Will—Executor's Power to Convey Real Estate Under Provision of Will Ceased with His Final Discharge as Such Executor.* A will contained this provision: "I hereby nominate and appoint my husband, John J. O'Connell, to be the sole executor of this my will without being required to give any bond, and I hereby especially empower my said executor to sell and convey any part or all of my real estate or interest in real estate at such time and in such manner as to him shall seem fit and expedient." *Held,* that the executor's power to convey real estate under such provision ceased with his final discharge as such executor.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed January 10, 1925. Affirmed.

*J. S. Hynes,* of Kansas City, for the appellants.
*James P. Fox,* of Kansas City, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one for the specific performance of a contract to convey real estate, to quiet title, and for damages. The plaintiff prevailed, and defendants appeal.

The facts are substantially as follows: Kate O'Connell, a resident of Missouri, was at the time of her death in July, 1918, the owner of an undivided one-third interest in the land involved. In June, 1916, she joined with her cotenants in executing to the plaintiffs a written contract of sale for the land, the purchase price to be made in monthly payments. Before the maturity of the contract Kate O'Connell died, leaving a will which was duly probated in the probate court of Jackson county, Missouri, and letters testa-

mentary issued to John J. O'Connell, as executor. The executor proceeded with the administration of the estate, made his final settlement, and was released and exonerated by the court from further liability on account of such administration. After discharge as executor, upon the maturity of the contract, O'Connell, as such executor, made and delivered to the plaintiffs his executor's deed conveying the property to the plaintiffs. Plaintiffs demanded deeds from the heirs, and were refused.

The question turns wholly upon O'Connell's authority as an executor to convey the real estate after his discharge as such executor. The power to convey given in the will reads:

"I hereby nominate and appoint my husband, John J. O'Connell, to be the sole executor of this my will without being required to give any bond, and I hereby especially empower my said executor to sell and convey any part or all of my real estate or interest in real estate at such time and in such manner as to him shall seem fit and expedient."

Trial was to the court, which made findings, among others, as follows:

"That upon the final discharge of said John J. O'Connell as such executor, he thereupon ceased to represent said estate or any property belonging to said estate or any property owned by said Kate O'Connell during her lifetime, except such interest as was obtained by him as devisee under said last will and testament of said Kate O'Connell, deceased; that after his discharge as such executor, he had no right, power or authority to convey in any manner, as executor, trustee, or in any other representative capacity, any property belonging to said Kate O'Connell at the time of her death, other than the legal title vested in him as devisee under said last will and testament; . . . . that plaintiffs have requested and demanded of defendants specific performance of said contract after full payment had been made and after full compliance with all the terms thereof, and that defendants, and each of them, have failed, neglected and refused to specifically perform said contract as owners of said property under the terms and provisions of the last will and testament of Kate O'Connell, deceased; . . . that by reason of the refusal, neglect and failure of said defendants to convey said property to plaintiff, as provided by the terms of said contract, or in specific performance thereof, as provided by law, plaintiffs have been damaged by reason of the loss of sale of said property, commission paid by them, and other expenses incident to the enforcement of their rights under said contract, in the sum of $300."

The plaintiffs contend that the executor's deed conveyed no title because the powers created by the terms of the will had ceased to exist at the time the deed was executed.

The defendants admit that the executor had been fully and finally

discharged, released and exonerated by the court from further liability on account of administration of the estate of Kate O'Connell, before the execution of the deed, but they contend that the powers of the executor continued after his final discharge. A number of authorities are cited to support their contention. (*Calloway v. Cooley,* 50 Kan. 743, 32 Pac. 372; *Niquette v. Green,* 81 Kan. 569, 106 Pac. 270; *Bank v. Grisham,* 105 Kan. 460, 185 Pac. 54.) In those cases the powers conferred by the will were executed before the discharge of the executor. In none of them was it held that an executor had the right or authority to convey after his discharge. They cite various other authorities which have no application to the instant case.

In *State, ex rel., v. Kenrick,* 159 Mo. 631, it was said, in substance:

"When, however, an executor or administrator has fully performed all his duties, he is entitled to be discharged from the trust, and all his powers and liabilities thereupon shall cease, and thereafter he has nothing to do with the estate."

In 24 C. J. 160, it is said:

"It is usually considered that where executors are given a general power of sale, they may sell at their discretion, as prudence may dictate during the continuance of the trust."

"It is axiomatic that, where a testator authorizes or directs his executor to sell his real property, the executor is the proper person to make the sale, although he has not power to sell after his discharge as executor, or where he has renounced the office." (p. 165. See, also, *Boland v. Tiernay,* 118 Iowa 59.)

We are of the opinion that the power given to the executor in Kate O'Connell's will did not authorize the execution of the deed after the executor's discharge.

The judgment is affirmed.