Common Pleas Court of Pickaway County.

JOHN C. SHANNON, EXR. V. CHARLES DRESBACH, EXR.

Decided June 4, 1930.

*Charles Dresbach*, attorney in both estates.

ADKINS, J.

Henry Shannon died on the 3rd day of February, 1920, testate; by his last will he devised certain lands in Harrison township, Pickaway county, Ohio, to Mary Ann Shannon, his wife, for her natural life. That on the day preceding the second Monday in April, 1929, the said land stood on the grand tax duplicate of Pickaway county,

Ohio, in the name of Mary Ann Shannon.

By Section 5671, General Code, the taxes for the year 1929 became a lien on said land on the day preceding the second Monday of April, 1929, which section is as follows:

"The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property, subject to such taxes on the day preceding the second Monday of April, annually, and continue until such taxes, with any penalties accruing thereon, are paid, * * *."

Mary Ann Shannon died on the 16th day of September, 1929, testate, and Charles Dresbach is now acting as the executor of her estate.

Section 5680, General Code, provides:

"Each person shall pay tax for the lands or town lots of which he is seized for life, * * *."

The taxes levied on the lands against Mary Ann Shannon constitute a personal debt of the said Mary Ann Shannon.

See *Creps* v. *Baird,* 3 O. S., 277. In rendering this opinion in the above entitled case, Justice Therman said:

"Taxes due upon lands are a personal debt of him in whose name the lands stand listed when the taxes accrue, as well as a lien upon the lands. * * *" See *Estate of Mary O'Brien,* Vol. 2 N. P. (N. S.) 421.

These lands stand listed for taxes in the name of Mary Ann Shannon when the taxes accrued, that is, on the day preceding the second Monday of April, 1929.

There are many steps to be taken by various officers from the time the taxes become a lien, that is, from the day preceding the second Monday of April, 1929, when the taxes in question became a lien, to October 1, 1929, when the duplicate was turned over by the county auditor to the county treasurer for collection but all assessments for taxes refer back to the date upon which the lien attached, even though all the steps necessary in making up the assessment and duplicate are taken subsequent to the date of the lien. 2 N. P. (N. S.), 423; 90 O. S. 345.

These different steps refer back, for the purpose of enforcing collection, and payment, to the date upon which

the lien attaches; that is, to the day before the second Monday of April. *H. T. Loomas, Trustee* v. *George B. Van Phul, et al,* 2 N. P. (N. S.), 423.

The first syllabus in the above entitled case is as follows:

"An assessment of taxes refers back, for the purpose of enforcing payment thereof, to the date upon which the lien attaches, notwithstanding all the steps necessary in making up the assessment are taken subsequent to the date of the lien."

Second syllabus in the above entitled case lays down the following rule of law:

"When taxes become a lien upon real property prior to and are unpaid at the time of the death of the owner, the executor is liable therefor, and not a testamentary trustee who came into possession of the property at the owner's death."

In the case under discussion, not a *"trustee"* came in possession of the property at the death of the owner of the life estate, but it was the *remainder heirs* of Henry Shannon who came into possession but applying the court's reasoning in the above case, the executor of Mary Ann Shannon should pay the taxes and *not the remainder heirs.*

The authority above cited was discussed and approved by the Supreme Court of Ohio, in the case of *State* v. *Roose,* 90 O. S. 345. Justice Donahue of the Supreme Court in commenting on the matter in the case of *State* v. *Roose,* at page 351 and 352, made the following observation:

"While Section 5671, General Code, fixes the date in each year that the *lien* of the state for taxes shall attach, yet it by no means follows that this requires that the tax levy shall be made on or before that date.

"On the contrary, it is clear that the amount of taxes is to be determined subsequently, and the assessments then relates back to the date at which the taxes become a lien.

"The placing of the levy for taxes on the tax duplicate is a mere ministerial duty and in the discharge of this duty the county auditor has no discretion and all such acts refer back to the time when the taxes become a lien."

All the steps necessary by the different officers in placing

the tax on the duplicate must have been completed not later than September 1st of each year. Mary Ann Shannon died September 16, 1929, after all the legal steps had been made to place the taxes on the duplicate. The rents for the year 1929, for the farm, went to the executor of Mary Ann Shannon, although the corn was not harvested until after her death. See *Noble* v. *Tyler, Admr.,* 61 O. S. 342. See the discussions of Justice Minshall in the above entitled case beginning at pages 437 to 443, inclusive.

The question before the court in this case—Who shall pay the taxes which become a lien on this farm in April, 1929,—the executor of the estate of Mary Ann Shannon, or the heirs of Henry Shannon—is a mooted question in Ohio. That is, there is no court in Ohio which has definitely settled the question.

Judge Rockel and the Hon. Harry Lewis Deibel are the leading authorities in this state on questions arising in the settlement of estates, and in their Probate Codes have discussed the question now before this court as follows:

Mr. Deibel at Section 354 of his late Probate Code makes the following observation:

"It is a moot question in this state as to whether taxes on real estate are a charge against or debt of the estate, or of the devisee or heirs where the owner died on or after the second Monday of April and before the first day of October. Section 2583, General Code, requires the auditor to place property on the duplicate on the latter date. On the other hand the above quoted section makes a tax a lien on the second Monday of April. The plain drift of the above cases is *that the tax becomes a debt* at the time when it becomes a lien, to wit, second Monday of April."

See also Rockel's Probate Code, Section 663, also Deibel Section 355.

To determine the *general rule* of law on this question before the court, outside of Ohio, reference is hereby made to Volume 18 of Cyclopedia of Law at page 420. The following general rule is laid down:

"Personal assessments charged against the decedent during his lifetime, or taxes or assessments chargeable rightfully against the personal estate in due process of settlement, are payable by the representative on their

preferential footing, and the representative should also pay assessed taxes which become a lien on the decedent's real estate before his death." 97 Mass. 321; 105 Mass. 426. Other cases cited Iowa, Kentucky, Minnesota, Missouri, New Jersey, New York and Pennsylvania and other decisions cited at page 420 18th Cyc.

From all the authorities cited, the court holds that the taxes levied on the land in which Mary Ann Shannon held a life estate at the time the taxes became a lien, that is, on the day preceding the second Monday in April, 1929, should be paid by her executor, Charles Dresbach.